UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| K.C., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE INDIVIDUAL MEMBERS OF THE MEDICAL LICENSING BOARD OF INDIANA, in their official capacities, *et al.*, <br><br> Defendants. | No. 1:23-cv-00595-JPH-KMB |

## MOTION FOR CLASS CERTIFICATION

**COME NOW** Plaintiffs and the putative classes and subclasses, by their counsel, and pursuant to Federal Rule 23(a) and (b)(2) request that this case be certified as a class action. In support of this Motion, the plaintiffs state as follows:

1. This action challenges the constitutionality and legality of Senate Enrolled Act 480 ("S.E.A. 480"), a recently enacted statute that bans the provision of so-called "gender transition procedures" to minors in Indiana and that, if allowed to take effect, would have a devastating effect on young Hoosiers who have been diagnosed with gender dysphoria.

2. The plaintiffs consist of four minors who are currently receiving gender-affirming health care under the care of qualified physicians, the parents of those minors who wish to ensure their children's health and well-being, and a physician and medical

1

practice who will no longer be allowed to care for their patients. Pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, they bring this action on their behalf and on behalf of three classes and two subclasses of those similarly situated.

    3.    The classes and subclasses are defined as set forth immediately below.

        a.    Class 1—which is represented by K.C., M.W., A.M., and M.R. and will be referenced in this litigation as "the minor patient class"—is defined as follows:

> all minors in the State of Indiana who are, or will be, diagnosed with gender dysphoria, and are receiving, or would receive but for Senate Enrolled Act 480, care that falls within the statute's definition of "gender transition procedures."

        b.    Subclass 1-A—which is represented by A.M. and will be referenced in this litigation as "the Medicaid patient subclass"—is defined as follows:

> all members of Class 1 who are, or will be, Medicaid recipients.

        c.    Class 2—which is represented by Nathaniel and Beth Clawson, Ryan and Lisa Welch, Emily Morris, and Maria Rivera and will be referenced in this litigation as "the parent class"—is defined as follows:

> all parents of minors in the State of Indiana who are, or will be, diagnosed with gender dysphoria, and are receiving, or would receive but for Senate Enrolled Act 480, care that falls within the statute's definition of "gender transition procedures."

        d.    Class 3—which is represented by Dr. Catherine Bast and Mosaic Health and Healing Arts, Inc. and will be referenced in this litigation as "the provider class"—is defined as follows:

> all current physicians and practitioners in Indiana, as those terms are defined in Senate Enrolled Act 480, who are providing care that falls within the statute's definition of "gender transition procedures" or who, but for that act, would provide that care.

  e. And subclass 3-A—which is also represented by Dr. Catherine Bast and Mosaic Health and Healing Arts, Inc. and will be referenced in this litigation as "the Medicaid provider subclass"—is defined as follows:

> all members of Class 3 who are Medicaid providers and who are currently providing care, reimbursed by Medicaid, which falls within the definition in Senate Enrolled Act 480 of "gender transition procedures" and those providers in the future who would provide such care but for Senate Enrolled Act 480.

4. As defined, each of the classes and subclasses meets the requirements of Federal Rule 23(a). Specifically:

  a. Each class and subclass is so numerous that joinder of all members is impracticable.

  b. There are questions of law or fact common to each class and subclass.

  c. The claims of the representative parties are typical of those raised by each class and subclass.

  d. And the named plaintiffs are adequate representatives of the classes and subclasses that they seek to represent.

5. The further requirements of Federal Rule 23(b)(2) are met with respect to each class and subclass insofar as the parties opposing certification have, at all times, acted or failed to act on grounds generally applicable to the classes and subclasses.

6. Undersigned counsel are skilled and experienced in this type of litigation and are appropriate to be appointed counsel for all classes and subclasses, and should be so appointed pursuant to Federal Rule 23(g).

7. The plaintiffs further request that a briefing schedule be set to ensure the prompt and efficient resolution of this Motion. The plaintiffs suggest that this Motion

should be briefed on the same schedule as that established to resolve their Motion for Preliminary Injunction, which is also being filed on today's date.  The plaintiffs will file their memorandum of law and supporting evidentiary materials within the time period ordered by this Court, and those documents are hereby incorporated by reference.

**WHEREFORE,** the plaintiffs and the putative classes and subclasses respectfully request that this case be certified as a class action pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, with the classes and subclasses as defined above, and request all other proper relief.

Kenneth J. Falk
Gavin M. Rose
Stevie J. Pactor
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 4602
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org
grose@aclu-in.org
spactor@aclu-in.org

Chase Strangio*
Harper Seldin*
ACLU
125 Broad Street
New York, NY 10004
212/549-2500
cstrangio@aclu.org
hseldin@aclu.org

*Motions for admission pro hac vice forthcoming.

Attorneys for Plaintiffs and the<br>
Putative Classes and Subclasses

### Certificate of Service

I certify that on this 6th day of April, 2023, a copy of the foregoing was filed electronically with the Clerk of this Court and was served on the below-named party by first class U.S. Postage, pre-paid.

The Individual Members of the Indiana Medical Licensing Board
402 W. Washington St.
#W072
Indianapolis, IN  46204

Executive Director
Indiana Professional Licensing Agency
402 W. Washington St.    W072
Indianapolis, IN 46204

The Attorney General of the State of Indiana
IGCS-5th Floor
302 W. Washington St.
Indianapolis, IN 46204

Secretary
Indiana Family and Social Services Administration
402 W. Washington St.
MS 25 W461
IGCS
Indianapolis, IN 46207

Kenneth J. Falk<br>
Attorney at Law