UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| K.C., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE INDIVIDUAL MEMBERS OF THE MEDICAL LICENSING BOARD OF INDIANA, in their official capacities, *et al.*, <br><br> Defendants. | No. 1:23-cv-00595-JPH-KMB |

**Proposed Joint Schedule**

The parties, by their counsel, propose the following joint schedule addressed to the resolution of the plaintiffs' pending motions for preliminary injunction and class certification. (Dkt. 9, 10).

1. The parties propose the following briefing schedule.

    - Plaintiffs will file their memoranda in support of both motions no later than April 21, 2023. At that time, in addition to any other evidentiary material, the plaintiffs will file expert disclosures from their retained experts.

    - Defendants will file their response memoranda concerning both motions no later than June 2, 2023. However, defendants retain the right to move the Court to hold briefing on the motion for class certification in abeyance if defendants believe such a motion is warranted. Plaintiffs reserve the right to oppose such motion.

    - Plaintiffs will file their reply memoranda no later than June 12, 2023.

2.  The parties propose that due to the multiple issues in this case that the plaintiffs' preliminary injunction memorandum and defendants' response may be up to 45 pages in length and that plaintiffs' reply memorandum may be up to 30 pages in length, with the briefing consistent with Local Rule 7-1(e)(3).

3.  The parties propose the following concerning discovery and related matters.

    - **Expert Discovery**:

        o By April 14, 2023, plaintiffs will disclose to defendants the name of their anticipated experts and a summary of their planned declarations, which may take the form of declarations signed by the experts in similar cases.

        o By May 19, 2023, defendants will submit to plaintiffs their expert disclosures. In the event the disclosures are not completed by that time, the defendants will submit the names of the experts and comparable declarations from other cases if those are available and, if not, a summary of their planned declaration, and will file the disclosure for this case at the earliest opportunity thereafter.

        o In order to facilitate the scheduling of the depositions of defendants' experts, defendants' counsel agrees to inform plaintiffs' counsel as soon as possible as to dates that are available for their expert depositions. Plaintiffs' counsel will inform defendants' counsel at the earliest opportunity as to the dates that their experts are available for depositions. The parties agree that all depositions in the case may be remote, although the lawyer defending the deposition may choose to be present in person with the deponent.

    - **Non-expert discovery**:

        o Plaintiffs have submitted to defendants' counsel a proposed Rule 30(b)(6) deposition notice of the Family and Social Services Administration and its Secretary. Plaintiffs seek information they believe necessary concerning the Medicaid claim in this litigation. Defendants will assess whether some of the information can be provided in the form of a stipulation and, if not, when a deposition can

      occur. In the event that responsive information is not available prior to April 21, 2013, plaintiffs will include it in plaintiffs' reply memoranda.

- Defendants intend to seek discovery of one or more parents of the children plaintiffs, including but not limited to depositions, which may also be taken remotely with the defending lawyer present with the witness.

- Defendants are still considering whether discovery may be necessary of other plaintiffs, and whether any third-party discovery may be necessary.

4. The parties do not believe that an evidentiary hearing is required on the preliminary injunction motion but reserve the right to request an evidentiary hearing following receipt of the briefing. In the event the motion for preliminary injunction is set for an oral argument, the parties believe that 30 minutes for each side is sufficient.

5. Plaintiffs do not believe that an evidentiary hearing or oral argument on the motion for class certification is necessary. Defendants reserve until their response to the motion for class certification their position on whether either an evidentiary hearing or oral argument is necessary.

      WHEREFORE, the parties submit their proposed joint schedule and request that it be approved by the Court.

| | |
|---|---|
| Kenneth J. Falk | /s/ *Thomas M. Fisher* (w/ permission) |
| Gavin M. Rose | Thomas M. Fisher |
| Stevie J. Pactor | Solicitor General |
| ACLU of Indiana | Office of the Attorney General |
| 1031 E. Washington St. | |
| Indianapolis, IN 46202 | James A. Barta |

| | |
|---|---|
| 317/635-4059 | Deputy Solicitor General |
| fax: 317/635-4105 | Office of the Attorney General |
| kfalk@aclu-in.org | |
| grose@aclu-in.org | Corrin Youngs |
| spactor@aclu-in.org | Policy Director & Legislative Counsel |
| | Office of the Attorney General |
| Chase Strangio* | |
| Harper Seldin* | Razi S. Lane |
| American Civil Liberties Union | Melinda R. Holmes |
| 125 Broad St. | Deputy Attorney Generals |
| New York, NY 10004 | IGCS-5th Floor |
| 212/549-2500 | 302 W. Washington St. |
| cstrangion@aclu.org | Indianapolis, IN 46204 |
| hseldin@aclu.org | 317/232-6201 |
| | fax: 317/233-7979 |
| Motions for admission *pro hac vice* pending | tom.fisher@atg.in.gov |
| | james.barta@atg.in.gov |
| | corrin.youngs@atg.in.gov |
| | razi.lane@atg.in.gov |
| | melinda.holmes@atg.in.gov |