UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

K.C., et al.,

      Plaintiffs,

      v.                              No. 1:23-cv-00595-JPH-KMB

THE INDIVIDUAL MEMBERS OF THE
MEDICAL LICENSING BOARD OF
INDIANA, in their official capacities, et al.,

      Defendants.

### Declaration of Jamie Harris

Jamie Harris, being duly sworn upon her oath, says that:

1. I am an adult resident of Clark County, Indiana.

2. I have a 14-year-old transgender daughter.

3. My daughter began to social transition as a girl in 2021. She has received a gender marker change and a name change to her female first name in and Indiana court.

4. She has been diagnosed with gender dysphoria and suffers from depression and anxiety because of the disconnect between her birth-assigned sex of male and her gender identity. She had suicidal ideations.

5. She has been receiving a puberty blocking drug for 18 months.

6. The puberty blocking drug has been prescribed and administered by the Pediatric and Adolescent Gender Education Program ("PAGE") through Norton's Children's Hospital in Louisville, Kentucky.

[1]

7. The medication was prescribed only after medical practitioners at PAGE fully explained the benefits and potential negative effects of the medication.

8. The puberty blocker has made a remarkable difference for my daughter. Her mental health symptoms have lessened, and she is much happier.

9. Kentucky has passed a law similar to Indiana's concerning the denial of transgender-affirming care that will prevent PAGE from providing puberty blocker or hormones once the law goes into effect.

10. My daughter will be able to obtain one more puberty blocking drug injection from PAGE before the Kentucky law takes effect.

11. Prior to the Kentucky law being passed, my daughter's medical practitioners at PAGE were discussing prescribing female hormones for her. No hormones had yet been prescribed.

12. My daughter's pediatrician has made a referral to the Riley Gender Health Clinic so that my daughter can receive continued care. I have not heard back yet from the Riley Gender Health Clinic.

13. But I am aware that as of July 1, 2023, due to S.E.A. 480, my daughter will not be able to receive her puberty blocking drug in Indiana and will not be able to receive the gender-affirming hormones that I believe she needs.

14. If my daughter ceases receiving her puberty blocking drug, she will resume having testosterone-induced puberty and she will develop male physical characteristics.

15. This will be extremely harmful to her as it will plunge her back into a very precarious mental health situation that will only get worse with her knowledge that many of the changes to her body will be difficult, if not impossible, to reverse.

16. As a mother, I decided that my daughter should have gender-affirming care after receiving information from her doctors. She needs to continue this care and receive gender-affirming hormones as recommended by medical professionals in the future.

17. The State of Indiana has no right to interfere with my parental decisions here.

18. Because of our limited income my daughter is on Medicaid and Medicaid pays for her necessary medical expenses. It was paying for her transgender care, including the puberty blocking drug, that she was receiving through PAGE.

### Verification

I verify under penalty of perjury that the foregoing is true and correct.

Executed on: 4/13/2023

*Jamie Harris*
Jamie Harris

Prepared by:

Kenneth J. Falk
ACLU of Indiana

[3]