UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| K.C., et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 1:23-cv-00595-JPH-KMB |
| THE INDIVIDUAL MEMBERS OF THE MEDICAL LICENSING BOARD OF INDIANA, in their official capacities, et al., | ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO STAY BRIEFING ON
MOTION FOR CLASS CERTIFICATION**

Pursuant to Local Rule 7-1, Defendants, the Individual Members of the Medical Licensing Board of Indiana, in their official capacities, Executive Director, Indiana Professional Licensing Agency, in her official capacity, Attorney General of the State of Indiana, in his official capacity, Secretary, Indiana Family and Social Services Administration, in her official capacity, and Indiana Family and Social Services Administration, respectfully move the Court to stay briefing on the Motion for Class Certification (Dkt. 10) until the Court rules on Plaintiffs' Motion for Preliminary Injunction (Dkt. 9). In support of this motion, Defendants state the following:

1. On April 5, 2023, Plaintiffs filed their Complaint (Dkt. 1) in this matter challenging on multiple constitutional and statutory grounds Senate Enrolled Act 480, Ind. Code § 25-1-22, which precludes medical providers from providing certain gender transition procedures to minors and aiding or abetting the provision of such services.

2. Shortly after filing their Complaint, Plaintiffs filed a Motion for Preliminary Injunction (Dkt. 9) and a Motion for Class Certification (Dkt. 10) on April 6, 2023.

3. On April 21, 2023, Plaintiffs filed separate memoranda supporting each motion. Each memorandum will require intensive study and thorough responses to assist the Court in ruling on each pending motion.

4. Plaintiffs' Memorandum in Support of Motion for Preliminary Injunction is 45 pages, briefs five distinct legal claims—each of which raises multiple sub-issues—and addresses three separate equitable factors. (Dkt. 27). In addition, Plaintiffs submitted 17 declarations in support—including declarations from three expert witnesses—totaling 106 pages. This does not include Exhibit 17 Excerpts from Indiana's State Medicaid Plan, which is 70 pages long. The claims argued in Plaintiffs' Memorandum in Support of Motion for Preliminary Injunction are complex, as are the scientific claims that supposedly support Plaintiffs' positions. Opposing the preliminary injunction alone will require sustained attention from Defendants' attorneys. Defendants' attorneys will need to (a) depose Plaintiffs' witnesses, including several experts about scientific concepts, studies, and research; (b) obtain discovery from Plaintiffs and third parties (which may potentially require briefing motions to suppress and/or quash); (c) research the many legal issues raised in Plaintiffs' 45-page brief; (d) present information from defense experts; and (e) draft a memorandum in opposition—all within a compressed timeline. Additionally, Defendants' attorneys may need to prepare a motion to exclude testimony from Plaintiffs' experts.

5. Separately, Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Class Certification is 14 pages and is supported by 11 declarations totaling 38 pages. This memorandum will also require sustained attention from Defendants' counsel. Plaintiffs' Motion for Class Certification requests certification of three classes (minors, parents, and healthcare providers) and two subclasses (Medicaid recipients and Medicaid providers), each of which will require analysis

under the standards governing class actions: numerosity, commonality, typicality, representativeness, and the effectiveness of a single injunction in remedying class (or subclass) claims. *See* Fed. R. Civ. P. 23(a)–(b).

6. Before responding to the motion for class certification, Defendants must seek discovery to determine numerosity for each individual class and subclass, whether the questions of fact and law are common to the class, whether the claims asserted are typical of the class, and whether the named plaintiffs are adequate class representatives. Defendants are serving third-party discovery on Indiana University Health, Inc. and Planned Parenthood of the Great Northwest, Hawai'i, Alaska, Indiana, and Kentucky, Inc. and party discovery on the Plaintiff parents and Mosaic Health and Healing Arts, Inc. Defendants may also need discovery from the non-party declarant families submitted as evidence by Plaintiffs in support of class certification to assess whether their children share sufficiently common diagnoses, co-morbidities, treatment recommendations, and risks with other members of the putative classes. Defendants are also likely to seek discovery from Medicaid providers to determine any commonalities among practitioners regarding standards of care and billing protocols, among other issues. As in any case, reviewing and negotiating such discovery will consume substantial time for Defendants' counsel.

7. Due to the length and complexity of discovery and briefing on the Motion for Preliminary Injunction, Defendants cannot simultaneously devote adequate time to undertake discovery and respond to the Motion for Class Certification.

8. Furthermore, while S.E.A. 480 goes into effect on July 1, 2023, the statute itself permits children currently undergoing "gender transition hormone therapy" to continue such therapy until December 31, 2023. Ind. Code § 25-1-22-13(d). That grace period affords the parties and the Court sufficient time to address the class certification issue in the event the Court grants the

preliminary injunction. And if any non-parties believe they cannot wait to see the result of class certification in this case, they always can file suit in their own right to seek preliminary relief.

9. Moreover, the undersigned counsel have other deadlines and responsibilities that include:

- a. Presenting oral argument in *Tully v. Okeson*, No. 22-2835 (7th Cir.), currently set for May 17, 2023;

- b. Preparing a motion to dismiss in *The Satanic Temple, Inc. v. Rokita*, No. 1:22-cv-01859-JMS-MG (S.D. Ind.), currently due May 22, 2023;

- c. Preparing an opening brief in *Indiana Bureau of Motor Vehicles v. Simmons*, No. 23A-PL-00899 (Ind. Ct. App.), currently due around May 25, 2023;

- d. Drafting a comment letter to Office for Civil Rights, Department of Education on its Notice of Proposed Rulemaking, *Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance: Sex-Related Eligibility Criteria for Male and Female Athletic Teams*, Doc. ID ED-2022-OCR-0143;

- e. Defending the deposition of a prosecuting attorney in *Sparger-Withers v. Taylor*, No. 1:21-cv-2824 (S.D. Ind.), on June 6, 2023;

- f. Preparing an amicus brief in *Illumina, Inc. v. Federal Trade Commission*, No. 23-60167 (5th Cir.), currently due June 12, 2023;

- g. Conducting discovery in *City of Bloomington v. Smith*, No. 53C06-2203-PL-000608 (Ind. Cir. Ct.).

10. Undersigned counsel consulted with Plaintiffs' counsel, Ken Falk, who has represented that Plaintiffs oppose this motion.

Wherefore, Defendants respectfully request that the Court stay briefing on the Motion for Class Certification until after the Court rules on the Motion for Preliminary Injunction.

                                Respectfully submitted,

                                THEODORE E. ROKITA
                                Attorney General of Indiana

Date: April 26, 2023        By:    Thomas M. Fisher
                                Solicitor General

                                James A. Barta
                                Deputy Solicitor General

                                Corrine Youngs
                                Policy Director and Legislative Counsel

                                Melinda R. Holmes
                                Razi S. Lane
                                Deputy Attorneys General

                                Office of the Attorney General
                                302 W. Washington St., IGCS 5th Floor
                                Indianapolis, IN 46204-2770
                                Phone:  (317) 232-6255
                                Fax:  (317) 232-7979
                                Email: tom.fisher@atg.in.gov