UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| K.C., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00595-JPH-KMB |
| | ) | |
| THE INDIVIDUAL MEMBERS | ) | |
| OF THE MEDICAL LICENSING | ) | |
| BOARD OF INDIANA, in their | ) | |
| official capacities, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' FIRST REQUESTS FOR PRODUCTION TO PLAINTIFFS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Individual Members of the Medical Licensing Board of Indiana, the Executive Director of the Indiana Professional Licensing Agency, the Attorney General of the State of Indiana, the Secretary of the Indiana Family and Social Services Administration, and the Indiana Family and Social Services Administration, collectively the Defendants, hereby propound the following Requests for Production to Plaintiffs, K.C., Nathanial and Beth Clawson, M.W., Ryan and Lisa Welch, A.M., Emily Morris, M.R., Maria Rivera, Catherine Bast, M.D., and Mosaic Health and Healing Arts, Inc.

**DEFINITIONS**

1. "Plaintiffs" and the terms "you" and "your" mean K.C., Nathanial and Beth Clawson, M.W., Ryan and Lisa Welch, A.M., Emily Morris, M.R., Maria Rivera, Catherine Bast, M.D., and Mosaic Health and Healing Arts, Inc. and include all agents, employees, investigators, accountants, lobbyists, attorneys, and other representatives.

2.  "Any" and "all," as used herein, shall mean "any and all," and shall be construed so as to bring within the scope of the request any information that otherwise might be construed to be outside its scope.

3.  "Communication" is used in the broadest sense and includes every conceivable manner or means of disclosure, transfer, or exchange of oral or written information between one or more persons, entities, devices, platforms, or systems, or by other perceptible means, including later memorialization of such transmission in a document, including e-mail, memoranda of conversations, correspondence, data processing, pictures, or recordings.

4.  "Document" is used in its normally broad and inclusive sense as defined in the Federal Rules of Civil Procedure, and includes, without limitation: originals and every copy of writings and printed, typed, electronically stored material, and other graphic or photographic matter, including microfilm of any kind or nature, recordings (tape, disk, or other) of oral communications, electronic mail, and other data compilations from which information can be obtained. "Document" includes, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or communications, electronic mail/messages and/or e-mail, text messages, social media communications, list-serv postings, Tweets, voice mail messages, instant messaging, questionaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary),

including, without limitation, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks, and magnetic tapes, and any preliminary versions as well as drafts or revisions of any of the foregoing, whether produced or authored by a plaintiff or anyone else. "Document" includes those documents in Plaintiffs' possession, custody or control, and those documents to which Plaintiffs have access and the ability to produce or obtain through a reasonable investigation, or inquiry, or to which Plaintiff is in a position to cause its production by Plaintiffs' directions or orders.

5.   "Including" means including, but not limited to.

6.   "Relating to," "Concerning," "Reflecting," and "Regarding" are used in the broadest possible sense and mean arising from, in connection with, as a result of, emanating from, or pertaining to, in whole or in part.

7.   "Health care providers" means professionals who provide medical health care or mental health care. "Health care providers" includes, but is not limited to, pediatricians, doctors of medicine, doctors of osteopathy, physicians, obstetricians, gynecologists, surgeons, plastic surgeons, urologists, endocrinologists, neurologists, psychologists, psychiatrists, psychotherapists, mental health professionals, clinicians, speech-language pathologists, social workers, counselors, therapists, and bioethicists. "Health care providers" includes a nurse or nurse practitioner if that person is the primary person providing services but not if he or she acts only as supports staff for another health care provider. The following professionals are specifically excluded from the definition of "health care providers": pharmacists, dentists, orthodontists, endodontists, optometrists, ophthamologists, and podiatrists.

8.   "Minor" shall mean a person under the age of 18.

9.  "Sex" or "biological sex" shall mean the biological state of being male or female, based on the individual's sex organs at birth, chromosomes, and endogenous hormone profiles.

10. "Gender dysphoria" includes the diagnosis of gender dysphoria under the DSM-5. "Related conditions" include, but are not limited to, any issues concerning gender identity, gender incongruence, transgender identity, or non-binary identity. These include, but are not limited to, ICD diagnostic codes for transsexualism (including all sub-categories); gender identity disorder in adolescents or adults; gender identity disorder in children; transvestic fetishism; disorder of gender identity or role; transsexualism; dual role transvestism; gender identity disorder of childhood; other gender identity disorders; and gender identity disorder, unspecified.

11. "Puberty blockers" shall mean medication administered to minors to delay or prevent the onset or continuation of puberty, or otherwise prevent the formation or maturation of secondary sex characteristics consistent with the patient's biological sex. This includes, but is not limited to, common puberty blockers such as histrelin acetate and leuprolide acetate if administered for the purpose of gender transition. For purposes of this request, it does not include GnRH agonists administered to young children (7 and younger) for the treatment of central precocious puberty or to adult men (19 and older) for the treatment of prostate cancer.

12. "Cross-sex hormones" shall mean hormones administered to induce the physical characteristics of a sex or gender profile other than the biological sex of the patient (including non-cross-sex gender identities such as "non-binary"). It includes, but is not limited to, administering androgenic hormones such as testosterone, fluoxymesterone, and methyltestosterone to a biological female and estrogenic hormones such as estrogen and estradiol to a biological male. It also includes the administration of hormone blockers and anti-androgens such as flutamide, spironolactone, and cyproterone if used as part of a gender transition procedure.

13. "Gender transition procedures" shall mean any medical or surgical service, including surgical interventions and the administration of puberty blockers and cross-sex hormones, to change the physical appearance of a patient in a way that is not consistent with the patient's biological sex. This includes changing the appearance to appear as a cross-sex identification as well as non-cross-sex identifications such as "non-binary."

14. "Surgical interventions" shall mean surgery to change the physical appearance of a patient in a way that is not consistent with the patient's biological sex. This includes changing the appearance to appear as a cross-sex identification as well as non-cross-sex identifications such as "non-binary."

## INSTRUCTIONS

1. The plural includes the singular. The singular includes the plural.

2. "And" and "or" shall be construed conjunctively and disjunctively so as to bring within the scope of the Requests any information that might otherwise be construed to be outside their scope.

3. If you object to any Request on the ground that it seeks privileged information or documentation, please identify the portion of the Request to which the objection applies, state the general nature of any withheld information, identify and produce non-privileged documentation responsive to the Request, and provide an appropriate privilege log with regard to any withheld documents.

4. In responding to these Requests, you are required to furnish all responsive documents, items, and information in your possession, custody, or control, or in the possession, custody, or control of your attorneys, agents, employees, independent contractors, and all other persons acting on your behalf.

5.   Each document Request shall be responded to fully, unless it is in good faith objected to, in which event the reasons for the objection shall be stated with specificity. If an objection pertains to only a portion of the request, or to a word, phrase, or clause contained therein, you shall state the objection to that portion only and respond to the remainder of the Request.

6.   Except as otherwise provided, each document requested shall be produced in its entirety and without redactions, deletions, or excisions, regardless of whether you consider the entire document to be relevant or responsive to the request.

7.   The documents shall be produced in an organized and orderly manner and labeled to correspond to the numbers of the requests.

8.   If you are unable to produce a requested document, please state with specificity the reasons why you are unable to produce the requested document.

9.   If there are no documents responsive to the request, you shall so state in writing.

10. If in responding to these requests you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding thereto.

### REQUESTS FOR PRODUCTION TO NATHANIAL AND BETH CLAWSON, RYAN AND LISA WELCH, EMILY MORRIS, AND MARIA RIVERA ("PARENT PLAINTIFFS")

**REQUEST NO. 1:**     All medical records in your possession of any child of yours which relates to treatment for gender dysphoria or a related condition.

**RESPONSE:**

**REQUEST NO. 2:**    All medical records in your possession of any child of yours who has been treated for gender dysphoria or a related condition which relates to any mental health diagnoses or treatment.

**RESPONSE:**

**REQUEST NO. 3:**    All documents in your possession of any mental health treatment provided to a child of yours who has been treated for gender dysphoria or a related condition.

**RESPONSE:**

**REQUEST NO. 4:**    All documents between you and any medical provider or mental health professional who has treated a child of yours for gender dysphoria or a related condition.

**RESPONSE:**

**REQUEST NO. 5:**    All forms, disclosures, or other documents provided to you by any health care provider or mental health provider who has treated a child of yours for gender dysphoria or a related condition. This request includes and is not limited to any informed-consent disclosures signed by you for treatment of a child of yours.

**RESPONSE:**

**REQUESTS FOR PRODUCTION TO CATHERINE BAST, M.D., AND MOSAIC HEALTH AND HEALING ARTS, INC. ("HEALTH CARE PROVIDER PLAINTIFFS")**

**REQUEST NO. 6:**    Documents sufficient to show the care or services offered by you to minors for gender dysphoria or a related condition.

**RESPONSE:**

**REQUEST NO. 7:**    All forms or documents used by you to disclose to patients, potential patients, or parents or guardians of minor patients the risks of puberty blockers, cross-sex hormones, gender reassignment surgery, or other gender transition procedures.

**RESPONSE:**


**REQUEST NO. 8:**    All forms or documents used by you to obtain, record, or memorialize informed consent of minor patients, or their parents or guardians, for the administration of puberty blockers, cross-sex hormones, surgical interventions, or other gender transition procedures or treatments to minor patients.

**RESPONSE:**


**REQUEST NO. 9:**    All forms or documents used by you to provide information to minor patients, or to their parents or guardians, concerning any coverage by Medicaid or medical insurance carriers for the provision of puberty blockers, cross-sex hormones, gender reassignment surgery or other gender transition procedures or treatments.

**RESPONSE:**


**REQUEST NO. 10:**    All documents containing, disclosing, or setting forth any of your policies concerning any requirement for a diagnosis of gender dysphoria, gender incongruence, or a related condition before the administration of puberty blockers, cross-sex hormones, surgical interventions, or other gender transition procedures or treatments on minors.

**RESPONSE:**

**REQUEST NO. 11:**   All documents containing, disclosing, or setting forth any information you provide to minor patients, or to their parents or guardians, concerning treatments for gender dysphoria or a related condition, other than the administration of puberty blockers, cross-sex hormones, or surgical interventions.

**RESPONSE:**


**REQUEST NO. 12:**   All documents containing, disclosing, or setting forth any information you provide to minor patients, or to their parents or guardians, concerning any requirement for counseling or other mental-health treatments before the administration of puberty blockers, cross-sex hormones, or surgical interventions.

**RESPONSE:**


**REQUEST NO. 13:**   All documents containing, disclosing, or setting forth any of your policies or procedures for requiring follow-up examinations of minors who are receiving puberty blockers, cross-sex hormones, surgical interventions, or other gender transition procedures or treatments, or who received puberty blockers, cross-sex hormones, surgical interventions, or other gender transition treatments or procedures in the past.

**RESPONSE:**


**REQUEST NO. 14:**   All documents regarding information, disclosures, counseling, treatment, and services provided to M.R. (child of Maria Rivera) and M.R.'s parents or guardians.

**RESPONSE:**

**REQUEST NO. 15:**  All documents, including assessments, evaluations, and records, concerning M.R. (child of Maria Rivera).

**RESPONSE:**


**REQUEST NO. 16:**  All documents reflecting the results of any follow-up with minor patients or former patients who received puberty blockers, cross-sex hormones, gender reassignment surgery, or other gender transition procedures in the past.

**RESPONSE:**


**REQUEST NO. 17:**  All documents reflecting any incidents of desistance or detransition—i.e., when a patient who has been diagnosed with gender dysphoria or a related condition is no longer gender dysphoric and/or no longer sought to transition.

**RESPONSE:**


**REQUEST NO. 18:**  All documents reflecting any complaint or concern by a minor patient, former patient, or parent or guardian of a minor patient or former patient, regarding the treatment provided for gender dysphoria or a related condition.

**RESPONSE:**


**REQUEST NO. 19:**  All documents reflecting the aggregate number of your minor patients, or rates of those patients, who began puberty blockers went on to receive cross-sex hormones.

**RESPONSE:**

**REQUEST NO. 20:**   All documents reflecting the aggregate number of your minor patients who, in the past 5 years, received puberty blockers, cross-sex hormones, or surgical interventions, either from you or elsewhere.

**RESPONSE:**


**REQUEST NO. 21:**   All documents reflecting aggregate numbers of surgical interventions administered on minor patients, the types of surgical interventions, and the age at which they were provided.

**RESPONSE:**


**REQUEST NO. 22:**   All documents reflecting the aggregate number of your minor patients, or rates of those patients, who desistance or detransition—i.e., when a patient who has been diagnosed with gender dysphoria or a related condition is no longer gender dysphoric and/or no longer sought to transition.

**RESPONSE:**


**REQUEST NO. 23:**   All documents reflecting the aggregate number of your minor patients, or rates of those patients, who have been diagnosed with gender dysphoria or a related condition are no longer receiving care from you for that condition.

**RESPONSE:**


**REQUEST NO. 24:**   All documents reflecting health care providers to whom you refer patients for gender transition procedures or treatments.

**RESPONSE:**


**REQUEST NO. 25:**  All documents regarding care or services offered by Mosaic related to gender dysphoria or a related condition.

**RESPONSE:**


**REQUEST NO. 26:**  All documents, including list-serv postings, emails, or message board postings, affiliated with the World Professional Association for Transgender Health ("WPATH") concerning gender transition or the treatment of minors for gender dysphoria or a related condition.

**RESPONSE:**


**REQUEST NO. 27:**  All documents, including list-serv postings, emails, or message board postings, affiliated with the United States Professional Association for Transgender Health ("USPATH") concerning gender transition or the treatment of minors for gender dysphoria or a related condition.

**RESPONSE:**


**REQUEST NO. 28:**  All documents, including list-serv postings, emails, or message board postings, affiliated with the American Academy of Pediatrics ("AAP") concerning gender transition or the treatment of minors for gender dysphoria or a related condition.

**RESPONSE:**

**REQUEST NO. 29:** All documents concerning the organizational stance regarding the treatment of gender dysphoria or a related condition from WPATH, USPATH, AAP, or the Endocrine Society.

**RESPONSE:**


**REQUEST NO. 30:** All documents reflecting the number of minor patients being treated by you for gender dysphoria whose care is covered through Medicaid.

**RESPONSE:**


**REQUEST NO. 31:** All documents reflecting the amount of your Medicaid billings for treating gender dysphoria or related conditions in minors.

**RESPONSE:**


**REQUEST NO. 32:** All documents reflecting, regarding, or otherwise related to any data or financial impact analysis you have conducted to determine the projected number of gender transition procedures which you or your clinic(s) would have to cancel, reject, or decline to perform as a result of S.E.A. 480.

**RESPONSE:**


<div style="margin-left:40%">

Respectfully submitted,

THEODORE E. ROKITA
Attorney General of Indiana

</div>

Date: April 24, 2023          By:    Thomas M. Fisher
                                     Solicitor General
                                     Office of the Attorney General
                                     302 W. Washington St., IGCS 5th Floor

Indianapolis, IN 46204-2770
Phone:  (317) 232-6255
Fax:  (317) 232-7979
Email: tom.fisher@atg.in.gov

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | )  |
|---|---|
| _____ | ) |
| Plaintiff | ) |
| v. | ) Civil Action No. |
| | ) |
| _____ | ) |
| Defendant | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| CLERK OF COURT | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| K.C., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00595-JPH-KMB |
| | ) | |
| THE INDIVIDUAL MEMBERS | ) | |
| OF THE MEDICAL LICENSING | ) | |
| BOARD OF INDIANA, in their | ) | |
| official capacities, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ATTACHMENT

Pursuant to Federal Rule of Civil Procedure 45, the Individual Members of the Medical Licensing Board of Indiana, the Executive Director of the Indiana Professional Licensing Agency, the Attorney General of the State of Indiana, the Secretary of the Indiana Family and Social Services Administration, and the Indiana Family and Social Services Administration (collectively the Defendants) hereby commands the production of the following from Indiana University Health, Inc. d/b/a Riley Children's Health.

## DEFINITIONS

1.     The terms "you," "your," "Indiana University Health," and "Riley Children's Health" refer to Indiana University Health, Inc., d/b/a Riley Children's Health, and include all agents, employees, investigators, accountants, lobbyists, attorneys, and other representatives.

2.     "Any" and "all," as used herein, shall mean "any and all," and shall be construed so as to bring within the scope of the request any information that otherwise might be construed to be outside its scope.

3.      "Communication" is used in the broadest sense and includes every conceivable manner or means of disclosure, transfer, or exchange of oral or written information between one or more persons, entities, devices, platforms, or systems, or by other perceptible means, including later memorialization of such transmission in a document, including e-mail, memoranda of conversations, correspondence, data processing, pictures, or recordings.

4.      "Document" is used in its normally broad and inclusive sense as defined in the Federal Rules of Civil Procedure, and includes, without limitation: originals and every copy of writings and printed, typed, electronically stored material, and other graphic or photographic matter, including microfilm of any kind or nature, recordings (tape, disk, or other) of oral communications, electronic mail, and other data compilations from which information can be obtained. "Document" includes, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or communications, electronic mail/messages and/or e-mail, text messages, social media communications, list-serv postings, Tweets, voice mail messages, instant messaging, questionaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary), including, without limitation, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks, and magnetic tapes, and any preliminary versions as well as drafts or revisions of any of the foregoing, whether produced or authored by a plaintiff or anyone

else. "Document" includes those documents in your possession, custody or control, and those documents to which you have access and the ability to produce or obtain through a reasonable investigation, or inquiry, or to which you are in a position to cause its production by directions or orders.

5.      "Including" means including, but not limited to.

6.      "Relating to," "concerning," "reflecting," and "regarding" are used in the broadest possible sense and mean arising from, in connection with, as a result of, emanating from, or pertaining to, in whole or in part.

7.    "Health care providers" means professionals who provide medical health care or mental health care. "Health care providers" includes, but is not limited to, pediatricians, doctors of medicine, doctors of osteopathy, physicians, obstetricians, gynecologists, surgeons, plastic surgeons, urologists, endocrinologists, neurologists, psychologists, psychiatrists, psychotherapists, mental health professionals, clinicians, speech-language pathologists, social workers, counselors, therapists, and bioethicists. "Health care providers" includes a nurse or nurse practitioner if that person is the primary person providing services but not if he or she acts only as supports staff for another health care provider. The following professionals are specifically excluded from the definition of "health care providers": pharmacists, dentists, orthodontists, endodontists, optometrists, ophthamologists, and podiatrists.

8.      "Minor" shall mean a person under the age of 18.

9.      "Sex" or "biological sex" shall mean the biological state of being male or female, based on the individual's sex organs at birth, chromosomes, and endogenous hormone profiles.

10.      "Gender dysphoria" includes the diagnosis of gender dysphoria under the DSM-5. "Related conditions" include, but are not limited to, any issues concerning gender identity, gender

incongruence, transgender identity, or non-binary identity. These include, but are not limited to, ICD diagnostic codes for transsexualism (including all sub-categories); gender identity disorder in adolescents or adults; gender identity disorder in children; transvestic fetishism; disorder of gender identity or role; transsexualism; dual role transvestism; gender identity disorder of childhood; other gender identity disorders; and gender identity disorder, unspecified.

11.    "Puberty blockers" shall mean medication administered to minors to delay or prevent the onset or continuation of puberty, or otherwise prevent the formation or maturation of secondary sex characteristics consistent with the patient's biological sex. This includes, but is not limited to, common puberty blockers such as histrelin acetate and leuprolide acetate if administered for the purpose of "transitioning." For purposes of this request, it does not include GnRH agonists administered to young children (7 and younger) for the treatment of central precocious puberty or to adult men (19 and older) for the treatment of prostate cancer.

12.    "Cross-sex hormones" shall mean hormones administered to induce the physical characteristics of a sex or gender profile other than the biological sex of the patient (including non-cross-sex gender identities such as "non-binary"). It includes, but is not limited to, administering androgenic hormones such as testosterone, fluoxymesterone, and methyltestosterone to a biological female and estrogenic hormones such as estrogen and estradiol to a biological male. It also includes the administration of hormone blockers and anti-androgens such as flutamide, spironolactone, and cyproterone if used as part of "transitioning."

13.    "Surgical interventions" shall mean surgery to change the physical appearance of a patient in a way that is not consistent with the patient's biological sex. This includes changing the appearance to appear as a cross-sex identification as well as non-cross-sex identifications such as "non-binary."

14. "Gender transition procedures" shall mean any medical or surgical service, including surgical interventions and the administration of puberty blockers and cross-sex hormones, to change the physical appearance of a patient in a way that is not consistent with the patient's biological sex. This includes changing the appearance to appear as a cross-sex identification as well as non-cross-sex identifications such as "non-binary."

## INSTRUCTIONS

1.      The plural includes the singular. The singular includes the plural.

2.      "And" and "or" shall be construed conjunctively and disjunctively so as to bring within the scope of the Requests any information that might otherwise be construed to be outside their scope.

3.      If you object to any request on the ground that it seeks privileged information or documentation, please identify the portion of the request to which the objection applies, state the general nature of any withheld information, identify and produce non-privileged documentation responsive to the request, and provide an appropriate privilege log with regard to any withheld documents.

4.   In responding to these requests, you are required to furnish all responsive documents, items, and information in your possession, custody, or control, or in the possession, custody, or control of your attorneys, agents, employees, independent contractors, and all other persons acting on your behalf.

5.   Each document request shall be responded to fully, unless it is in good faith objected to, in which event the reasons for the objection shall be stated with specificity. If an objection pertains to only a portion of the request, or to a word, phrase, or clause contained therein, you shall state the objection to that portion only and respond to the remainder of the request.

6.  Except as otherwise provided, each document requested shall be produced in its entirety and without redactions, deletions, or excisions, regardless of whether you consider the entire document to be relevant or responsive to the request.

7.  The documents shall be produced in an organized and orderly manner and labeled to correspond to the numbers of the requests.

8.  If you are unable to produce a requested document, please state with specificity the reasons why you are unable to produce the requested document.

9.  If there are no documents responsive to the request, you shall so state in writing.

10. If in responding to these requests you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding thereto.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**    Documents sufficient to show the care or services offered by you to minors for gender dysphoria or a related condition.

**RESPONSE:**


**REQUEST NO. 2:**    All forms or documents used by you to disclose to minor patients, potential minor patients, or parents or guardians of minor patients the risks of puberty blockers, cross-sex hormones, surgical interventions, or other gender transition procedures.

**RESPONSE:**


**REQUEST NO. 3:**    All forms or documents used by you to obtain, record, or memorialize informed consent of minor patients, or their parents or guardians, for the administration of puberty

blockers, cross-sex hormones, surgical interventions, or other gender transition procedures or treatments to minor patients.

**RESPONSE:**

**REQUEST NO. 4:**   All forms or documents used by you to provide information to minor patients, or to their parents or guardians, concerning any coverage by Medicaid or medical insurance carriers for the provision of puberty blockers, cross-sex hormones, surgical interventions, or other gender transition procedures or treatments.

**RESPONSE:**

**REQUEST NO. 5:**   All documents containing, disclosing, or setting forth any of your policies concerning any requirement for a diagnosis of gender dysphoria, gender incongruence, or a related condition before the administration of puberty blockers, cross-sex hormones, surgical interventions, or other gender transition procedures or treatments on minors.

**RESPONSE:**

**REQUEST NO. 6:**   All documents containing, disclosing, or setting forth any information you provide to minor patients, or to their parents or guardians, concerning treatments for gender dysphoria or a related condition, other than the administration of puberty blockers, cross-sex hormones, or surgical interventions.

**RESPONSE:**

**REQUEST NO. 7:**    All documents containing, disclosing, or setting forth any information you provide to minor patients, or to their parents or guardians, concerning any requirement for counseling or other mental-health treatments before the administration of puberty blockers, cross-sex hormones, or surgical interventions.

**RESPONSE:**


**REQUEST NO. 8:**    All documents containing, disclosing, or setting forth any of your policies or procedures for requiring follow-up examinations of minors who are receiving puberty blockers, cross-sex hormones, surgical interventions, or other gender transition procedures or treatments, or who received puberty blockers, cross-sex hormones, surgical interventions, or other gender transition treatments or procedures in the past.

**RESPONSE:**


**REQUEST NO. 9:**    All documents described in Request Nos. 2 through 8 provided to the following plaintiffs who are patients in the Riley Gender Health Program or their parents or guardians: K.C. (child of Nathaniel and Beth Clawson), M.W. (child of Ryan and Lisa Welch), and A.M. (child of Emily Morris).

**RESPONSE:**


**REQUEST NO. 10:**    All documents concerning K.C. (child of Nathaniel and Beth Clawson), M.W. (child of Ryan and Lisa Welch), and A.M. (child of Emily Morris).

**RESPONSE:**

**REQUEST NO. 11:**  All documents reflecting the aggregate number of your minor patients, or rates of those patients, who began puberty blockers went on to receive cross-sex hormones.

**RESPONSE:**


**REQUEST NO. 12:**  All documents reflecting the aggregate number of your minor patients who, in the past 5 years, received puberty blockers, cross-sex hormones, or surgical interventions, either from you or elsewhere.

**RESPONSE:**


**REQUEST NO. 13:**  All documents reflecting aggregate numbers of surgical interventions administered on minor patients, the types of surgical interventions, and the age at which they were provided.

**RESPONSE:**


**REQUEST NO. 14:**  All documents reflecting the aggregate number of your minor patients, or rates of those patients, who desistance or detransition—i.e., when a patient who has been diagnosed with gender dysphoria or a related condition is no longer gender dysphoric and/or no longer sought to transition.

**RESPONSE:**


**REQUEST NO. 15:**  All documents reflecting the aggregate number of your minor patients, or rates of those patients, who have been diagnosed with gender dysphoria or a related condition are no longer receiving care from you for that condition.

**RESPONSE:**


**REQUEST NO. 16:**   All documents reflecting any complaint or concern by a patient, former

patient, or parent or guardian of a patient or former patient, regarding the treatment provided for

gender dysphoria or a related condition.

**RESPONSE:**


**REQUEST NO. 17:**   All documents reflecting health care providers to whom you refer minor

patients for gender transition procedures or treatments.

**RESPONSE:**


                        Respectfully submitted,

                        THEODORE E. ROKITA
                        Attorney General of Indiana

Date: April 25, 2023       By:   Thomas M. Fisher
                        Solicitor General
                        Office of the Attorney General
                        302 W. Washington St., IGCS 5th Floor
                        Indianapolis, IN 46204-2770
                        Phone:  (317) 232-6255
                        Fax:  (317) 232-7979
                        Email: tom.fisher@atg.in.gov

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | |
|---|---|
| _____ <br> *Plaintiff* <br> v. <br> _____ <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No.

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                         *Server's signature*

                                 _____
                                         *Printed name and title*

                                 _____
                                         *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| K.C., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00595-JPH-KMB |
| | ) | |
| THE INDIVIDUAL MEMBERS | ) | |
| OF THE MEDICAL LICENSING | ) | |
| BOARD OF INDIANA, in their | ) | |
| official capacities, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ATTACHMENT

Pursuant to Federal Rule of Civil Procedure 45, the Individual Members of the Medical Licensing Board of Indiana, the Executive Director of the Indiana Professional Licensing Agency, the Attorney General of the State of Indiana, the Secretary of the Indiana Family and Social Services Administration, and the Indiana Family and Social Services Administration (collectively the Defendants) hereby commands the production of the following from Health and Hospital Corporation of Marion County d/b/a Eskenazi Health.

## DEFINITIONS

1.    The terms "you," "your," and "Ezkenazi Health," refer to Health and Hospital Corporation of Marion County d/b/a Eskenazi Health and include all agents, employees, investigators, accountants, lobbyists, attorneys, and other representatives.

2.    "Any" and "all," as used herein, shall mean "any and all," and shall be construed so as to bring within the scope of the request any information that otherwise might be construed to be outside its scope.

3.      "Communication" is used in the broadest sense and includes every conceivable manner or means of disclosure, transfer, or exchange of oral or written information between one or more persons, entities, devices, platforms, or systems, or by other perceptible means, including later memorialization of such transmission in a document, including e-mail, memoranda of conversations, correspondence, data processing, pictures, or recordings.

4.      "Document" is used in its normally broad and inclusive sense as defined in the Federal Rules of Civil Procedure, and includes, without limitation: originals and every copy of writings and printed, typed, electronically stored material, and other graphic or photographic matter, including microfilm of any kind or nature, recordings (tape, disk, or other) of oral communications, electronic mail, and other data compilations from which information can be obtained. "Document" includes, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or communications, electronic mail/messages and/or e-mail, text messages, social media communications, list-serv postings, Tweets, voice mail messages, instant messaging, questionaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary), including, without limitation, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks, and magnetic tapes, and any preliminary versions as well as drafts or revisions of any of the foregoing, whether produced or authored by a plaintiff or anyone

else. "Document" includes those documents in your possession, custody or control, and those documents to which you have access and the ability to produce or obtain through a reasonable investigation, or inquiry, or to which you are in a position to cause its production by directions or orders.

5.      "Including" means including, but not limited to.

6.      "Relating to," "concerning," "reflecting," and "regarding" are used in the broadest possible sense and mean arising from, in connection with, as a result of, emanating from, or pertaining to, in whole or in part.

7.  "Health care providers" means professionals who provide medical health care or mental health care. "Health care providers" includes, but is not limited to, pediatricians, doctors of medicine, doctors of osteopathy, physicians, obstetricians, gynecologists, surgeons, plastic surgeons, urologists, endocrinologists, neurologists, psychologists, psychiatrists, psychotherapists, mental health professionals, clinicians, speech-language pathologists, social workers, counselors, therapists, and bioethicists. "Health care providers" includes a nurse or nurse practitioner if that person is the primary person providing services but not if he or she acts only as supports staff for another health care provider. The following professionals are specifically excluded from the definition of "health care providers": pharmacists, dentists, orthodontists, endodontists, optometrists, ophthamologists, and podiatrists.

8.      "Minor" shall mean a person under the age of 18.

9.      "Sex" or "biological sex" shall mean the biological state of being male or female, based on the individual's sex organs at birth, chromosomes, and endogenous hormone profiles.

10.      "Gender dysphoria" includes the diagnosis of gender dysphoria under the DSM-5. "Related conditions" include, but are not limited to, any issues concerning gender identity, gender

incongruence, transgender identity, or non-binary identity. These include, but are not limited to, ICD diagnostic codes for transsexualism (including all sub-categories); gender identity disorder in adolescents or adults; gender identity disorder in children; transvestic fetishism; disorder of gender identity or role; transsexualism; dual role transvestism; gender identity disorder of childhood; other gender identity disorders; and gender identity disorder, unspecified.

11.    "Puberty blockers" shall mean medication administered to minors to delay or prevent the onset or continuation of puberty, or otherwise prevent the formation or maturation of secondary sex characteristics consistent with the patient's biological sex. This includes, but is not limited to, common puberty blockers such as histrelin acetate and leuprolide acetate if administered for the purpose of "transitioning." For purposes of this request, it does not include GnRH agonists administered to young children (7 and younger) for the treatment of central precocious puberty or to adult men (19 and older) for the treatment of prostate cancer.

12.    "Cross-sex hormones" shall mean hormones administered to induce the physical characteristics of a sex or gender profile other than the biological sex of the patient (including non-cross-sex gender identities such as "non-binary"). It includes, but is not limited to, administering androgenic hormones such as testosterone, fluoxymesterone, and methyltestosterone to a biological female and estrogenic hormones such as estrogen and estradiol to a biological male. It also includes the administration of hormone blockers and anti-androgens such as flutamide, spironolactone, and cyproterone if used as part of "transitioning."

13.    "Surgical interventions" shall mean surgery to change the physical appearance of a patient in a way that is not consistent with the patient's biological sex. This includes changing the appearance to appear as a cross-sex identification as well as non-cross-sex identifications such as "non-binary."

14. "Gender transition procedures" shall mean any medical or surgical service, including surgical interventions and the administration of puberty blockers and cross-sex hormones, to change the physical appearance of a patient in a way that is not consistent with the patient's biological sex. This includes changing the appearance to appear as a cross-sex identification as well as non-cross-sex identifications such as "non-binary."

## INSTRUCTIONS

1.    The plural includes the singular. The singular includes the plural.

2.    "And" and "or" shall be construed conjunctively and disjunctively so as to bring within the scope of the Requests any information that might otherwise be construed to be outside their scope.

3.    If you object to any request on the ground that it seeks privileged information or documentation, please identify the portion of the request to which the objection applies, state the general nature of any withheld information, identify and produce non-privileged documentation responsive to the request, and provide an appropriate privilege log with regard to any withheld documents.

4.    In responding to these requests, you are required to furnish all responsive documents, items, and information in your possession, custody, or control, or in the possession, custody, or control of your attorneys, agents, employees, independent contractors, and all other persons acting on your behalf.

5.    Each document request shall be responded to fully, unless it is in good faith objected to, in which event the reasons for the objection shall be stated with specificity. If an objection pertains to only a portion of the request, or to a word, phrase, or clause contained therein, you shall state the objection to that portion only and respond to the remainder of the request.

6.   Except as otherwise provided, each document requested shall be produced in its entirety and without redactions, deletions, or excisions, regardless of whether you consider the entire document to be relevant or responsive to the request.

7.   The documents shall be produced in an organized and orderly manner and labeled to correspond to the numbers of the requests.

8.   If you are unable to produce a requested document, please state with specificity the reasons why you are unable to produce the requested document.

9.   If there are no documents responsive to the request, you shall so state in writing.

10.  If in responding to these requests you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding thereto.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**    Documents sufficient to show the care or services offered by you to minors for gender dysphoria or a related condition.

**RESPONSE:**


**REQUEST NO. 2:**    All forms or documents used by you to disclose to minor patients, potential minor patients, or parents or guardians of minor patients the risks of puberty blockers, cross-sex hormones, surgical interventions, or other gender transition procedures.

**RESPONSE:**


**REQUEST NO. 3:**    All forms or documents used by you to obtain, record, or memorialize informed consent of minor patients, or their parents or guardians, for the administration of puberty

blockers, cross-sex hormones, surgical interventions, or other gender transition procedures or treatments to minor patients.

**RESPONSE:**


**REQUEST NO. 4:**     All forms or documents used by you to provide information to minor patients, or to their parents or guardians, concerning any coverage by Medicaid or medical insurance carriers for the provision of puberty blockers, cross-sex hormones, surgical interventions, or other gender transition procedures or treatments.

**RESPONSE:**


**REQUEST NO. 5:**     All documents containing, disclosing, or setting forth any of your policies concerning any requirement for a diagnosis of gender dysphoria, gender incongruence, or a related condition before the administration of puberty blockers, cross-sex hormones, surgical interventions, or other gender transition procedures or treatments on minors.

**RESPONSE:**


**REQUEST NO. 6:**     All documents containing, disclosing, or setting forth any information you provide to minor patients, or to their parents or guardians, concerning treatments for gender dysphoria or a related condition, other than the administration of puberty blockers, cross-sex hormones, or surgical interventions.

**RESPONSE:**

**REQUEST NO. 7:**    All documents containing, disclosing, or setting forth any information you provide to minor patients, or to their parents or guardians, concerning any requirement for counseling or other mental-health treatments before the administration of puberty blockers, cross-sex hormones, or surgical interventions.

**RESPONSE:**


**REQUEST NO. 8:**    All documents containing, disclosing, or setting forth any of your policies or procedures for requiring follow-up examinations of minors who are receiving puberty blockers, cross-sex hormones, surgical interventions, or other gender transition procedures or treatments, or who received puberty blockers, cross-sex hormones, surgical interventions, or other gender transition treatments or procedures in the past.

**RESPONSE:**


**REQUEST NO. 9:**    All documents described in Request Nos. 2 through 8 provided to plaintiff A.M. (child of Emily Morris), who is a patient at Ezkenazi Health, or A.M.'s parents or guardians.

**RESPONSE:**


**REQUEST NO. 10:**    All documents concerning A.M. (child of Emily Morris).

**RESPONSE:**


**REQUEST NO. 11:**    All documents reflecting the aggregate number of your minor patients, or rates of those patients, who began puberty blockers went on to receive cross-sex hormones.

**RESPONSE:**

**REQUEST NO. 12:**    All documents reflecting the aggregate number of your minor patients who, in the past 5 years, received puberty blockers, cross-sex hormones, or surgical interventions, either from you or elsewhere.

**RESPONSE:**


**REQUEST NO. 13:**    All documents reflecting aggregate numbers of surgical interventions administered on minor patients, the types of surgical interventions, and the age at which they were provided.

**RESPONSE:**


**REQUEST NO. 14:**    All documents reflecting the aggregate number of your minor patients, or rates of those patients, who desistance or detransition—i.e., when a patient who has been diagnosed with gender dysphoria or a related condition is no longer gender dysphoric and/or no longer sought to transition.

**RESPONSE:**


**REQUEST NO. 15:**    All documents reflecting the aggregate number of your minor patients, or rates of those patients, who have been diagnosed with gender dysphoria or a related condition are no longer receiving care from you for that condition.

**RESPONSE:**

**<u>REQUEST NO. 16</u>:**   All documents reflecting any complaint or concern by a patient, former patient, or parent or guardian of a patient or former patient, regarding the treatment provided for gender dysphoria or a related condition.

**<u>RESPONSE</u>:**


**<u>REQUEST NO. 17</u>:**   All documents reflecting health care providers to whom you refer minor patients for gender transition procedures or treatments.

**<u>RESPONSE</u>:**


         Respectfully submitted,

         THEODORE E. ROKITA
         Attorney General of Indiana

Date: April 27, 2023  By: Thomas M. Fisher
         Solicitor General
         Office of the Attorney General
         302 W. Washington St., IGCS 5th Floor
         Indianapolis, IN 46204-2770
         Phone:  (317) 232-6255
         Fax:  (317) 232-7979
         Email: tom.fisher@atg.in.gov