UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| K.C., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | )   Case No. 1:23-cv-00595-JPH-KMB |
| THE INDIVIDUAL MEMBERS OF | ) |
| THE MEDICAL LICENSING BOARD | ) |
| OF INDIANA, in their official | ) |
| capacities, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' NOTICE OF 30(B)(6) DEPOSITION**

TO:    Mosaic Health and Healing Arts, Inc.
c/o Kenneth J. Falk, Counsel for Plaintiffs
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
(317) 635-4059

**YOU ARE HEREBY NOTIFIED** that Defendants, the Individual Members of the

Medical Licensing Board of Indiana, the Executive Director of the Indiana Professional Licensing

Agency, the Attorney General of the State of Indiana, the Secretary of the Indiana Family and

Social Services Administration, and the Indiana Family and Social Services Administration, by

counsel, Thomas M. Fisher, Solicitor General, pursuant to Federal Rule of Civil Procedure

30(b)(6), for purposes of preparing to respond to a motion for preliminary injunction, will take the

**deposition** of a representative of Plaintiff Mosaic Health and Healing Arts, Inc., by oral

examination, on **Wednesday, May 10, 2023, at 9:00 am EDT, remotely by video conference**

**technology,** by and before an officer authorized to give oaths and take depositions. The

examination will be recorded stenographically. The deponent and counsel are to **appear by video**

**conference**, and the deponent is to adequately prepare to respond accurately regarding the attached

list of subjects.

The deposition is scheduled for seven hours.

Respectfully submitted,

By:    /s/ *Thomas M. Fisher*

Office of the Indiana Attorney General                    Thomas M. Fisher
IGC-South, Fifth Floor                                              Solicitor General
302 West Washington Street
Indianapolis, Indiana 46204-2770
Telephone: (317) 232-6255
Fax: (317) 232-7979
Email: tom.fisher@atg.in.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| K.C., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:23-cv-00595-JPH-KMB |
| THE INDIVIDUAL MEMBERS OF | ) | |
| THE MEDICAL LICENSING BOARD | ) | |
| OF INDIANA, in their official capaci- | ) | |
| ties, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ATTACHMENT

The matters for examination will be as follows:

1. The care, treatment, and services offered and provided by Mosaic to minors (under 18 years of age) with gender dysphoria, gender incongruence, and related conditions to address those conditions.

2. The protocols, standards, and policies used for diagnosing gender dysphoria, gender incongruence, and related conditions in minors.

3. Information you provide to minor patients, or to their parents or guardians, regarding the risks of puberty blockers, cross-sex hormones, and surgical interventions; the protocols, standards, and policies governing those disclosures; and the documents or forms used to disclose those risks.

4. Information you provide to minor patients, or to their parents or guardians, concerning any coverage by Medicaid or medical insurance carriers for the provision of puberty

blockers, cross-sex hormones, surgical interventions, or other gender transition proce-
dures.

5.  Information you provide to minor patients, or to their parents or guardians, concerning treatments for gender dysphoria or a related condition, other than the administration of puberty blockers, cross-sex hormones, or surgery.

6.  Any requirements for counseling or other mental-health treatments before the administration of puberty blockers, cross-sex hormones, or surgical interventions, as well as the information disclosed to minor patients, or to their parents or guardians, regarding those requirements.

7.  Any requirements for counseling or other mental-health treatments before the administration of follow-up examinations of minors who are receiving puberty blockers, cross-sex hormones, or other gender transition procedures or treatments, as well as the information disclosed to minor patients, or to their parents or guardians, regarding those requirements.

8.  Information, disclosures, counseling, treatments, and other services provided to M.R. (child of Maria Rivera) and M.R.'s parents or guardians.

9.  Assessments, evaluations, and records of M.R. (child of Maria Rivera).

10. Identification of licensed practitioners and other staff, full-time, part-time, and volunteer, who provide gender affirming treatment and mental health services to minor patients at Mosaic.

11. Identification of outside health care providers to which Mosaic refers minor patients for gender affirming treatment and mental health services and description of those services.

12. Identification of outside health care providers who refer minor patients to Mosaic for gender affirming treatment and mental health services and description of those services.

13. The number of minor patients being treated by Mosaic for gender dysphoria or related conditions whose care is covered through Medicaid.

14. The amount of Mosaic's Medicaid billings for treating gender dysphoria or related conditions in minors.

15. Data kept on minor patients receiving or seeking treatment for gender dysphoria, gender incongruence, or a related condition with respect to:

    a.    The age of diagnosis and birth sex.

    b.    The aggregate number or rates of patients with other mental health conditions or diagnoses.

    c.    The aggregate number or rates of patients who have experienced trauma or abuse.

    d.    The aggregate number or rates of patients who are referred for mental health counseling before the administration of puberty blockers, cross-sex hormones, or transition surgery.

    e.    The aggregate number or rates of patients who began puberty blockers went on to receive cross-sex hormones.

    f.    The aggregate numbers or rates of transitioning surgeries provided to patients, the types of surgeries, and the age at which they were provided.

    g.    The aggregate numbers or rates at which minors who have been diagnosed with gender dysphoria or a related condition are no longer gender dysphoric and/or no longer seek to transition.

3

      h.     The aggregate numbers or rates at which minors who have been diagnosed

with gender dysphoria or a related condition are no longer receiving care

for that condition from Mosaic.

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ <br> *Plaintiff* <br> v. <br> _____ <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. _____ |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❐ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
|  |  |

The deposition will be recorded by this method: _____

❐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|  |  |  |
|---|---|---|
| *CLERK OF COURT* |  |  |
|  | OR |  |
| _____ <br> *Signature of Clerk or Deputy Clerk* |  | _____ <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a
person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or
regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly
transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial
expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or
tangible things at a place within 100 miles of where the person resides, is
employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney
responsible for issuing and serving a subpoena must take reasonable steps
to avoid imposing undue burden or expense on a person subject to the
subpoena. The court for the district where compliance is required must
enforce this duty and impose an appropriate sanction—which may include
lost earnings and reasonable attorney's fees—on a party or attorney who
fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce
documents, electronically stored information, or tangible things, or to
permit the inspection of premises, need not appear in person at the place of
production or inspection unless also commanded to appear for a deposition,
hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible
things or to permit inspection may serve on the party or attorney designated
in the subpoena a written objection to inspecting, copying, testing, or
sampling any or all of the materials or to inspecting the premises—or to
producing electronically stored information in the form or forms requested.
The objection must be served before the earlier of the time specified for
compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party
may move the court for the district where compliance is required for an
order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the
order must protect a person who is neither a party nor a party's officer from
significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits
specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no
exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a
subpoena, the court for the district where compliance is required may, on
motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development,
or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does
not describe specific occurrences in dispute and results from the expert's
study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances
described in Rule 45(d)(3)(B), the court may, instead of quashing or
modifying a subpoena, order appearance or production under specified
conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be
otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These
procedures apply to producing documents or electronically stored
information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents
must produce them as they are kept in the ordinary course of business or
must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.*
If a subpoena does not specify a form for producing electronically stored
information, the person responding must produce it in a form or forms in
which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The
person responding need not produce the same electronically stored
information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person
responding need not provide discovery of electronically stored information
from sources that the person identifies as not reasonably accessible because
of undue burden or cost. On motion to compel discovery or for a protective
order, the person responding must show that the information is not
reasonably accessible because of undue burden or cost. If that showing is
made, the court may nonetheless order discovery from such sources if the
requesting party shows good cause, considering the limitations of Rule
26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information
under a claim that it is privileged or subject to protection as trial-preparation
material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or
tangible things in a manner that, without revealing information itself
privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a
subpoena is subject to a claim of privilege or of protection as
trial-preparation material, the person making the claim may notify any party
that received the information of the claim and the basis for it. After being
notified, a party must promptly return, sequester, or destroy the specified
information and any copies it has; must not use or disclose the information
until the claim is resolved; must take reasonable steps to retrieve the
information if the party disclosed it before being notified; and may promptly
present the information under seal to the court for the district where
compliance is required for a determination of the claim. The person who
produced the information must preserve the information until the claim is
resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a
motion is transferred, the issuing court—may hold in contempt a person
who, having been served, fails without adequate excuse to obey the
subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| K.C., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00595-JPH-KMB |
| | ) | |
| THE INDIVIDUAL MEMBERS | ) | |
| OF THE MEDICAL LICENSING | ) | |
| BOARD OF INDIANA, in their | ) | |
| official capacities, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ATTACHMENT

Pursuant to Federal Rules of Civil Procedure 30(b)(6) and 45, the Individual Members of the Medical Licensing Board of Indiana, the Executive Director of the Indiana Professional Licensing Agency, the Attorney General of the State of Indiana, the Secretary of the Indiana Family and Social Services Administration, and the Indiana Family and Social Services Administration (collectively, the Defendants) identify the following matters for examination by the designated representative(s) of by Indiana University Health Inc., d/b/a as Riley Children's Health.

1.      The care, treatment, and services offered and provided to minors (under 18 years of age) with gender dysphoria, gender incongruence, and related conditions to address those conditions.

2.      The protocols, standards, and policies used for diagnosing gender dysphoria, gender incongruence, and related conditions in minors.

3.      Information provided to minor patients, or to their parents or guardians, regarding the risks of puberty blockers, cross-sex hormones, and surgical interventions; the protocols,

standards, and policies governing those disclosures; and the documents or forms used to disclose those risks.

4.      Information provided to minor patients, or to their parents or guardians, concerning any coverage by Medicaid or medical insurance carriers for the provision of puberty blockers, cross-sex hormones, surgical interventions, or other gender transition procedures.

5.      Information you provide to minor patients, or to their parents or guardians, concerning treatments for gender dysphoria or a related condition, other than the administration of puberty blockers, cross-sex hormones, or surgery.

6.      Any requirements for counseling or other mental-health treatments before the administration of puberty blockers, cross-sex hormones, or surgical interventions, as well as the information disclosed to minor patients, or to their parents or guardians, regarding those requirements.

7.      Any requirements for counseling or other mental-health treatments before the administration of follow-up examinations of minors who are receiving puberty blockers, cross-sex hormones, or other gender transition procedures or treatments, as well as the information disclosed to minor patients, or to their parents or guardians, regarding those requirements.

8.      Information, disclosures, counseling, treatments, and other services provided to K.C. (child of Nathaniel and Beth Clawson), M.W. (child of Ryan and Lisa Welch), and A.M. (child of Emily Morris), or to their parents or guardians.

9.      Assessments, evaluations, and records of K.C. (child of Nathaniel and Beth Clawson), M.W. (child of Ryan and Lisa Welch), and A.M. (child of Emily Morris).

10.      Data kept on minor patients receiving or seeking treatment for gender dysphoria, gender incongruence, or a related condition with respect to:

a.    The age of diagnosis and birth sex.

b.    The aggregate number or rates of patients with other mental health conditions or diagnoses.

c.    The aggregate number or rates of patients who have experienced trauma or abuse.

d.    The aggregate number or rates of patients who are referred for mental health counseling before the administration of puberty blockers, cross-sex hormones, or gender transition surgery.

e.    The aggregate number or rates of patients who began puberty blockers went on to receive cross-sex hormones.

f.    The aggregate numbers or rates of gender transition surgeries provided to patients, the types of surgeries, and the age at which they were provided.

g.    The aggregate numbers or rates at which minors who have been diagnosed with gender dysphoria or a related condition are no longer gender dysphoric and/or no longer seek to transition.

h.    The aggregate numbers or rates at which minors who have been diagnosed with gender dysphoria or a related condition are no longer receiving care for that condition from Indiana University Health, Inc., Riley Children's Health, or any of their providers.

Respectfully submitted,

THEODORE E. ROKITA
Attorney General of Indiana

Date: April 25, 2023          By:     Thomas M. Fisher
                                      Solicitor General
                                      Office of the Attorney General
                                      302 W. Washington St., IGCS 5th Floor
                                      Indianapolis, IN 46204-2770
                                      Phone:  (317) 232-6255
                                      Fax:  (317) 232-7979
                                      Email: tom.fisher@atg.in.gov

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ <br> *Plaintiff* <br> v. <br> _____ <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: 

_____

*(Name of person to whom this subpoena is directed)*

❐ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
|  |  |

The deposition will be recorded by this method: _____

❐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|  CLERK OF COURT | |
|---|---|
|  | OR |
| _____ <br> *Signature of Clerk or Deputy Clerk* | _____ <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

**PROOF OF SERVICE**
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

      I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

    ❒ I returned the subpoena unexecuted because: _____

_____ .

    Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

    I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

K.C., *et al*.,                          )
                                         )
        Plaintiffs,                  )
                                         )
v.                                       )    No. 1:23-cv-00595-JPH-KMB
                                         )
THE INDIVIDUAL MEMBERS                   )
OF THE MEDICAL LICENSING                 )
BOARD OF INDIANA, in their               )
official capacities, *et al*.,           )
                                         )
        Defendants.                  )

## ATTACHMENT

Pursuant to Federal Rules of Civil Procedure 30(b)(6) and 45, the Individual Members of the Medical Licensing Board of Indiana, the Executive Director of the Indiana Professional Licensing Agency, the Attorney General of the State of Indiana, the Secretary of the Indiana Family and Social Services Administration, and the Indiana Family and Social Services Administration (collectively, the Defendants) identify the following matters for examination by the designated representative(s) of Health and Hospital Corporation of Marion County d/b/a Eskenazi Health.

1.      The care, treatment, and services offered and provided to minors (under 18 years of age) with gender dysphoria, gender incongruence, and related conditions to address those conditions.

2.      The protocols, standards, and policies used for diagnosing gender dysphoria, gender incongruence, and related conditions in minors.

3.      Information provided to minor patients, or to their parents or guardians, regarding the risks of puberty blockers, cross-sex hormones, and surgical interventions; the protocols,

standards, and policies governing those disclosures; and the documents or forms used to disclose those risks.

4.      Information provided to minor patients, or to their parents or guardians, concerning any coverage by Medicaid or medical insurance carriers for the provision of puberty blockers, cross-sex hormones, surgical interventions, or other gender transition procedures.

5.      Information you provide to minor patients, or to their parents or guardians, concerning treatments for gender dysphoria or a related condition, other than the administration of puberty blockers, cross-sex hormones, or surgery.

6.      Any requirements for counseling or other mental-health treatments before the administration of puberty blockers, cross-sex hormones, or surgical interventions, as well as the information disclosed to minor patients, or to their parents or guardians, regarding those requirements.

7.      Any requirements for counseling or other mental-health treatments before the administration of follow-up examinations of minors who are receiving puberty blockers, cross-sex hormones, or other gender transition procedures or treatments, as well as the information disclosed to minor patients, or to their parents or guardians, regarding those requirements.

8.      Information, disclosures, counseling, treatments, and other services provided to A.M. (child of Emily Morris), or A.M.'s parents or guardians.

9.      Assessments, evaluations, and records of A.M. (child of Emily Morris).

10.     Data kept on minor patients receiving or seeking treatment for gender dysphoria, gender incongruence, or a related condition with respect to:

        a.      The age of diagnosis and birth sex.

b.     The aggregate number or rates of patients with other mental health conditions or diagnoses.

c.     The aggregate number or rates of patients who have experienced trauma or abuse.

d.     The aggregate number or rates of patients who are referred for mental health counseling before the administration of puberty blockers, cross-sex hormones, or gender transition surgery.

e.     The aggregate number or rates of patients who began puberty blockers went on to receive cross-sex hormones.

f.     The aggregate numbers or rates of gender transition surgeries provided to patients, the types of surgeries, and the age at which they were provided.

g.     The aggregate numbers or rates at which minors who have been diagnosed with gender dysphoria or a related condition are no longer gender dysphoric and/or no longer seek to transition.

h.     The aggregate numbers or rates at which minors who have been diagnosed with gender dysphoria or a related condition are no longer receiving care for that condition from Eskenazi Health, or any of their providers.

Respectfully submitted,

THEODORE E. ROKITA
Attorney General of Indiana

Date: April 27, 2023          By:     Thomas M. Fisher
                                      Solicitor General
                                      Office of the Attorney General
                                      302 W. Washington St., IGCS 5th Floor
                                      Indianapolis, IN 46204-2770
                                      Phone:  (317) 232-6255
                                      Fax:  (317) 232-7979
                                      Email: tom.fisher@atg.in.gov