UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| K. C. *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00595-JPH-KMB |
| | ) | |
| THE INDIVIDUAL MEMBERS OF THE | ) | |
| MEDICAL LICENSING BOARD OF | ) | |
| INDIANA in their official capacities, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER REGARDING STAY OF CLASS CERTIFICATION BRIEFING**

In conjunction with their motion for a preliminary injunction, Plaintiffs have filed a motion to certify three classes and two subclasses under Federal Rule of Civil Procedure 23(b)(2). Dkt. 10; dkt. 28. Defendants have filed a motion to stay briefing on that motion until the Court rules on Plaintiffs' motion for a preliminary injunction. Dkt. 29. Plaintiffs oppose the motion. Dkt. 32.

Neither side addresses whether class certification under Federal Rule of Civil Procedure 23(b)(2) is the appropriate procedure for Plaintiffs to obtain the scope of preliminary injunctive relief they request. *See Kartman v. State Farm Mut. Auto Ins. Co.*, 634 F.3d 883 886 (7th Cir. 2011) ("[C]ertification of a class under Rule 23(b)(2) is permissible only when class plaintiffs seek 'final injunctive relief.'"). Put differently, the parties don't address why the Court would not be able to use its equitable power to issue appropriately tailored preliminary injunctive relief, should the Court conclude that Plaintiffs have

1

shown they are entitled to preliminary injunctive relief.  Relatedly, Plaintiffs have not identified any Seventh Circuit authority explaining why Federal Rule of Civil Procedure 23(b)(2) provides the appropriate procedure for applying a preliminary injunction to nonparties.  *See* dkt. 28; dkt. 30; *but see Meyer v. Portfolio Recovery Assocs.*, 707 F.3d 1036, 1043 (9th Cir. 2012).

Indeed, in cases challenging similar laws in other states, plaintiffs have not sought class certification.  *See Brandt v. Griffin*, No. 4:21-cv-450-JM, dkt. 12 at 61–62 (E.D. Ark.); *Eknes–Tucker v. Ivey*, No. 2:22-cv-184-LCB-CWB, dkt. 8 at 50 (M.D. Ala.); *L.W. v. Skrmetti*, No. 3:23-cv-376, dkt. 33 at 25 (M.D. Tenn); *Poe v. Drummond*, No. 4:23-cv-177, dkt. 6 at 25 (N.D. Okla.).  In those cases, two district courts have issued preliminary injunctions that applied beyond the named plaintiffs, without addressing class certification.  *Brandt*, No. 4:21-cv-450-JM, 551 F.Supp. 3d 882, 894 (E.D. Ark. Aug. 2, 2021); *Eknes–Tucker*, No. 2:22-cv-184-LCB-CWB, 603 F.Supp.3d 1131, 1151 (M.D. Ala. May 13, 2022) (appeal pending).  The Eight Circuit affirmed the preliminary injunction in *Brandt*, holding that the "district court did not abuse its discretion by granting a facial injunction" because Arkansas "failed to offer a more narrowly tailored injunction that would remedy Plaintiffs' injuries."  *Brandt v. Rutledge*, 47 F.4th 661, 672 (8th Cir. 2022).  Plaintiffs have not explained why a different procedure—Rule 23 class certification—would be appropriate here, should the Court conclude that Plaintiffs have shown they are entitled to preliminary injunctive relief.  *See* dkt. 28; dkt. 30.

Indeed, the Seventh Circuit has indicated that a district court's equitable powers can extend beyond the named parties, in an appropriate case. *See Mulholland v. Marion Cnty. Elec. Bd.*, 746 F.3d 811, 819 (7th Cir. 2014) ("Facial unconstitutionality as to one means facial unconstitutionality as to all, regardless of the fact that the injunctive portion of the judgment directly adjudicated the dispute of only the parties before it."). Several courts, including district courts in the Seventh Circuit, have issued that type of broad preliminary injunctive relief without certifying a class under Rule 23. *See* Newberg on Class Actions § 4:30 (collecting cases) ("[A] court may issue a classwide preliminary injunction in a putative class action suit prior to a ruling on the class certification motion . . . ."); *O.B. v. Norwood*, 170 F.Supp.3d 1186, 1200 (N.D. Ill. Mar. 21, 2016) (district court did not issue a class ruling but "use[d] its general equity powers to order preliminary injunctive relief for the proposed class of plaintiffs"); *Lee v. Orr*, No. 13-cv-8719, 2013 WL 6490577 at *2 (N.D. Ill. Dec. 10, 2013).

To be clear, none of this addresses the merits of Plaintiffs' motion for a preliminary injunction. Whether Plaintiffs are entitled to any preliminary injunctive relief remains to be determined. Similarly, this order does not address the appropriate scope of preliminary injunctive relief, should the Court find any relief warranted. Those issues are the subject of the parties' ongoing briefing. Dkt. 22; dkt. 25. This order addresses only the proper procedure that may be used to implement any preliminary injunctive relief that the Court may

3

award upon full consideration of the parties' briefs, evidentiary materials, and

the parties' presentations at the June 14, 2023, hearing.  *See* dkt. 38.

      For these reasons, Plaintiffs **SHALL SHOW CAUSE by May 12, 2023**,

why briefing on their motion for class certification should not be stayed

because the Court's equitable power would provide the more appropriate

procedure for the relief they seek.

**SO ORDERED.**

Date: 5/5/2023

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

4