UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| K.C., *et al.*, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   No. 1:23-cv-00595-JPH-KMB |
| | ) |
| THE INDIVIDUAL MEMBERS OF THE | ) |
| MEDICAL LICENSING BOARD OF | ) |
| INDIANA, in their official capacities, | ) |
| *et al.*, | ) |

**Response to Show Cause Order**

The Court has ordered plaintiffs to show cause why briefing on their motion for class certification should not be stayed because the Court's equitable power, in the event that a preliminary injunction is issued, "would provide the more appropriate procedure for the relief they seek." (Dkt. 41 at 4). Plaintiffs file this response and withdraw their opposition to defendants' motion to stay the briefing on the class certification issue.

While it is true that a class cannot be certified under Federal Rule of Civil Procedure 23(b)(2) for purposes of preliminary injunctive relief when final injunctive relief appropriate for the class is not sought, *Kartman v. State Farm Mut. Aut. Ins. Co.*, 634 F.3d 883, 886 (7th Cir. 2011), it is certainly proper to certify a class and then grant a preliminary injunction when final class-wide injunctive relief is also being sought, *see, e.g., McNary v. Haitian Refugee Center, Inc.*, 498 U.S. 479, 488 (1991) (noting that the district court had certified the case as a class action and then issued a preliminary injunction);

*Doe v. Mundy*, 514 F.2d 1179, 1180-81 (7th Cir. 1975) (same). As noted at § 4.30 in *Newberg and Rubenstein on Class Actions* (2022),

> Rule 23(b)(2) authorizes certification of a class solely for the purpose of *final* injunctive or declaratory relief. Hence, a case seeking only a provisional remedy like a preliminary injunction cannot be certified under Rule 23(b)(2) on that basis alone. This is rarely a problem for proponents of class certification, however, as a class seeking preliminary injunctive relief will typically seek to have that relief embodied in a final injunction as well.

(emphasis in original).

Plaintiffs recognize that the issue is not whether this Court can proceed to the class certification question at this point, but whether it should in light of its inherent equitable powers. Plaintiffs' concern, as noted in their Response opposing defendants' request to stay the class briefing (Dkt. 32 at 3-5), is that without a classwide preliminary injunction, the putative class members, particularly transgender youth, may fall outside of the ambit of any preliminary injunctive relief and may suffer severe harm. Defendants have taken no steps to allay this concern by proactively agreeing to apply any injunction to all members of the putative classes, and it is certainly not clear whether the defendants will argue, either in this Court, or in any subsequent appeal, that facial relief is inappropriate. However, as this Court observes, class certification was not deemed necessary by other courts that issued facial injunctions against statutes similar to Senate Enrolled Act 480. *See Eknes-Tucker v. Marshall*, 603 F. Supp. 3d 1131, 1151 (M.D. Ala. 2022); *Brandt v. Rutledge*, 551 F. Supp. 3d 882, 894 (E.D. Ark. 2021), *aff'd*, 47 F.4th 661 (8th Cir. 2022). And, as further noted by the Court, the above treatise provides that "although (b)(2) certification requires

[2]

a request for final injunctive relief, a court may issue a classwide preliminary injunction in a putative class action suit prior to a ruling on the class certification motion." *Newberg and Rubenstein on Class Actions* § 4.30 (2022) (footnote omitted).

Given the Court's enunciation of the breadth of its equitable powers that can be deployed if the Court grants plaintiffs' preliminary injunction request, plaintiffs withdraw their opposition to the defendants' Motion to Stay Briefing on Motion for Class Certification. (Dkt. 29). However, they reserve the right to seek to lift any stay and to seek expedited briefing on the class issue as circumstances dictate.

    Kenneth J. Falk
    Gavin M. Rose
    Stevie J. Pactor
    ACLU of Indiana
    1031 E. Washington St.
    Indianapolis, IN 46202
    317/635-4059
    fax: 317/635-4105
    kfalk@aclu-in.org
    grose@aclu-in.org
    spactor@aclu-in.org

    Chase Strangio, *Pro Hac Vice*
    Harper Seldin, *Pro Hac Vice*
    American Civil Liberties Union
    125 Broad Street
    New York, NY 10004
    212/549-2500
    cstrangio@aclu.org
    hseldin@aclu.org

    *Attorneys for Plaintiffs and the Putative Classes and Subclasses*