UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| K.C., *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00595-JPH-KMB |
| | ) | |
| THE INDIVIDUAL MEMBERS OF THE | ) | |
| MEDICAL LICENSING BOARD OF | ) | |
| INDIANA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**Motion of Arkansas, Alabama, and 14 Other States
For Leave to File Brief as *Amici Curiae***

Proposed Amici curiae are the States of Arkansas, Alabama, Florida, Georgia, Idaho, Iowa, Louisiana, Kansas, Kentucky, Mississippi, Missouri, Montana, Nebraska, South Carolina, South Dakota, and Utah.  Proposed amici respectfully move for leave to file the attached amicus brief in support of Defendants in this matter.  Amici States offer unique and important perspectives on the implications of Plaintiffs' arguments and request for relief, and believe their briefing will benefit the Court.  District courts have broad discretion to allow participation of amici curiae. While this Court does not have specific rules for the filing of amicus briefs, it has "inherent authority" to allow them. *United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990) (citing *United States v. Michigan*, 116 F.R.D. 655, 660 (W.D. Mich. 1987).  "Courts typically grant amicus status where the parties 'contribute to the court's understanding of the matter in question' by proffering timely and useful information." *Ga. Aquarium, Inc. v. Pritzker*, 135 F. Supp. 3d 1280, 1288 (N.D. Ga. 2015). When exercising their discretion, courts "err on the side of granting leave" because "[i]f an amicus brief that turns out to be unhelpful is filed, the [court], after studying the case, will often

be able to make that determination without much trouble and can then simply disregard the amicus brief. On the other hand, if a good brief is rejected, the [court] will be deprived of a resource that might have been of assistance." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.).

Like Indiana, Amici are concerned about the surge in recent years of children suffering from gender dysphoria and other forms of gender-related psychological distress. And like Indiana, Amici are concerned because these vulnerable children are suffering greatly and need help. The question is how to help them. Throughout their brief, Plaintiffs assert that gender transition procedures—puberty blockers, cross-sex hormones, and surgical interventions—are "the only evidence-based treatment for the serious medical condition of gender dysphoria." Doc. 27 at 19. The problem is that the evidence does not support this approach—regardless of whatever label Plaintiffs wish to attach. That's why experts in several European countries and the State of Florida have moved away from those treatments. And that's why a growing number of States, including some of the proposed Amici, have banned gender-transition procedures when provided to minors. Amici thus write in support of Indiana's similar law.

Respectfully submitted,

Steve Marshall
   *Attorney General*
Edmund G. LaCour Jr.*
   *Solicitor General*
A. Barrett Bowdre*
   *Principal Deputy Solicitor General*

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
P.O. Box 300152
Montgomery, AL 36130-0152
(334) 242-7300
Edmund.LaCour@AlabamaAG.gov

Tim Griffin
   *Attorney General*
Nicholas J. Bronni*
   *Solicitor General*
Dylan L. Jacobs
   *Deputy Solicitor General*
Hannah L. Templin*
   *Assistant Solicitor General*

OFFICE OF THE ARKANSAS ATTORNEY
GENERAL
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-6302
Dylan.Jacobs@ArkansasAG.gov

*Counsel for Amici Curiae*

*\*pro hac vice* motion forthcoming