UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| K.C., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE INDIVIDUAL MEMBERS OF THE MEDICAL LICENSING BOARD OF INDIANA, in their official capacities, *et al.*, <br><br> Defendants. | No. 1:23-cv-00595-JPH-KMB |

**Plaintiffs' Responses to Defendants' Motions to Maintain Filings Under Seal**

Presently pending are two motions by the State to maintain certain filings under seal. (Dkts. 50, 55). This Court has ordered an expedited briefing schedule as to those motions, in light of the preliminary injunction hearing in this matter scheduled for June 14, 2023. (Dkt. 57). Plaintiffs, by their counsel, hereby submit their responses.

**I.      Evidentiary submissions at docket entry 48**

At docket entries 48-1 through 48-17, the State has filed evidentiary materials in support of its response opposing plaintiffs' motion for a preliminary injunction. As to docket entries 48-1, 48-2, and 48-4 through 48-17, the plaintiffs authorize the unsealing of those documents, as no good cause exists to maintain those documents under seal. *See* Local Rule 5-11(d)(3).

**A.      Docket entry 48-3 should be maintained under seal, but a public version may be filed with the proposed redactions**

Docket entry 48-3, a report proffered by Dr. Dianna Kenny, PhD, provides opinions as to the diagnosis and treatment of gender dysphoria generally and as to the minor plaintiffs specifically. Appended to the end of Dr. Kenny's report is a selection of the minor plaintiffs' medical records. (*See* Dkt. 48-3 at 160-319). The plaintiffs request that this document be

[1]

maintained under seal, but also request that a redacted version of this report, attached to this Response, be publicly filed.

1. *The plaintiffs' medical records should be maintained under seal*

The public's right to view documents filed with the court is not unlimited, and Federal Rule of Civil Procedure 26(c) "allows a court to shield certain documents from the public when there is good cause to do so." *Bond v. Utreras*, 585 F.3d 1061, 1074 (7th Cir. 2009) (citation omitted). Good cause exists where, among other things, "the privacy interests of the litigants . . . predominate in the particular case." *Id.* (citing *Jessup v. Luther*, 227 F.3d 993, 997-98 (7th Cir. 2000)). Medical records are among the documents that are frequently subject to protective orders and may be maintained by a court under seal. *See, e.g.*, *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006) (indicating that court may seal medical records and limit their use at trial to the extent that the plaintiff's privacy interest outweighs the probative value of the information contained in the records); *Chapman v. Raemisch,* 2009 WL 425813 (E.D. Wis. Feb. 20, 2009) (granting plaintiff's request to maintain medical records under seal). Here, the plaintiffs' privacy interests are particularly pronounced, and good cause exists to maintain their medical records under seal. The plaintiffs address below each of the factors identified in Local Rule 5-11(e)(2).

The selection of medical records appended to Dr. Kenny's report have been designated as "confidential" pursuant to the protective order entered by this Court. (Dkt. 39). These medical records contain confidential information regarding the minor plaintiffs' health, welfare, and medical care, including details regarding the minor plaintiffs' physical characteristics, the names of the schools they attend, their grades, intimate specifics about the physical progress of their pubertal development, and private details of conversations had with mental health practitioners,

among a host of other sensitive information. They also include information relating to conditions and diagnoses unrelated to gender dysphoria. Certainly many adults would seek to avoid this sort of disclosure, and the Federal Rules of Civil Procedure are particularly solicitous of the privacy interests of minors in federal court proceedings. *See, e.g.*, Fed. R. Civ. P. 5.2(a)(3) (requiring that a filing may include, as to a minor party, only initials). This information is sensitive and personal, and it was provided for the purpose of seeking medical care that is itself unusually sensitive in nature. Strong privacy interests favor maintaining its confidentiality.

To the extent that information contained within these medical records is pertinent to the legal issue before the Court, and much of it is not, the parties have entered into stipulations that address many, if not all, of the relevant facts contained within the medical records. (Dkt. 51). Therefore, to the extent that the Court finds the contents of the report relevant or material to resolution of the pending matter, it is unlikely that the Court would find citation to specific statements within the medical records to be necessary. The public's interest in reviewing those records is accordingly relatively minimal, compared to the privacy interests of the youth. For all of these reasons, the report filed at docket entry 48-3 should be maintained under seal.

2. *A redacted report protects the privacy interests of the plaintiffs while accommodating the public interest in an open court docket*

The plaintiffs do not object to the body of Dr. Kenny's report being unsealed, provided that the medical records, and two other small categories of information, are redacted. The plaintiffs have therefore submitted a proposed redacted report contemporaneously with this filing. This approach appropriately balances the plaintiffs' privacy interests with the public's interest in

viewing the documents before the Court. This version redacts the medical records in their entirety, and includes two additional minor redactions.[1]

First, Federal Rule of Civil Procedure 5.2(a)(2) requires that a filing that contains an individual's birth date be redacted to remove the month and date of the individual's birth. The redacted report attached by plaintiffs, therefore, redacts birth month and date, leaving visible only the plaintiffs' years of birth.

Second, plaintiffs have redacted two sentences contained in Paragraph 213 of Dr. Kenny's report. (Dkt. 48-3 at 110). Those sentences contain extremely sensitive information that is taken largely verbatim from the medical records. (*Id.*). In addition, the third sentence references confidential, sensitive information regarding an individual who is not a party to this litigation. (*Id.*). The substantive import of these sentences is captured by Paragraph 58 of the parties' Joint Stipulation of Facts. (Dkt. 51 at 9). Paragraph 213 of Dr. Kenny's report is not cited by the State in its brief, and this information is not material to resolution of this matter. This redaction provides the narrowest and most targeted means to protect this confidential information.

## II. The State's brief may be unsealed

The plaintiffs authorize the unsealing of the State's brief, contained at Docket Entry 54.

## III. The State's position as to the motions to maintain under seal

Stevie Pactor, one of plaintiffs' counsel, conferred with Solicitor General Tom Fisher regarding the State's position as to the motions to maintain under seal and the plaintiffs' response, including the above-described proposed redactions. Mr. Fisher responded that the plaintiffs "can

---

[1] An attempt to individually redact each piece of confidential information from the medical records would result in a document, 160 pages long, that more resembles Swiss cheese than a medical record.

represent that [the State] take[s] no position and that [the State] will not be filing an objection or any other response."

IV.     **Conclusion**

For the reasons articulated above, the plaintiffs request that the Court maintain docket entry 48-3, the report of Dianna Kenny, PhD, under seal.  The plaintiffs request that the Court accept for public filing the attached redacted report.

The plaintiffs authorize the unsealing of all other entries at docket 48 as well as the State's brief at docket entry 54.

The plaintiffs request all further appropriate relief.

Kenneth J. Falk
Gavin M. Rose
Stevie J. Pactor
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 4602
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org
grose@aclu-in.org
spactor@aclu-in.org

Chase Strangio
*Pro Hac Vice*
Harper Seldin
*Pro Hac Vice*
American Civil Liberties Union
125 Broad Street
New York, NY 10004
212/549-2500
cstrangio@aclu.org
hseldin@aclu.org

*Attorneys for Plaintiffs and the Putative Classes and Subclasses*