UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| K. C., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00595-JPH-KMB |
| | ) | |
| THE INDIVIDUAL MEMBERS OF THE | ) | |
| MEDICAL LICENSING BOARD OF INDIANA | ) | |
| in their official capacities, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER REGARDING MOTIONS TO MAINTAIN DOCUMENTS UNDER SEAL

Currently pending before the Court are two Motions to Maintain Documents Under Seal in this case. [Dkts. 50; 55.] For the reasons detailed below, the Court **GRANTS IN PART and DENIES IN PART** the first Motion to Maintain Documents Under Seal, [dkt. 50], and **DENIES** the second Motion to Maintain Documents Under Seal, [dkt. 55].

## I. RELEVANT BACKGROUND

This case involves Plaintiffs' challenge to Indiana Senate Enrolled Act 480 ("S.E.A. 480"), which prohibits transgender minors from receiving "gender transition procedures." [Dkt. 1 at 2, ¶ 1.] S.E.A. 480 is set to take effect on July 1, 2023. [*Id.*] Plaintiffs have filed a motion requesting that the Court issue a preliminary injunction prohibiting the enforcement of S.E.A. 480, which remains pending and is set for a hearing on June 14, 2023. [Dkt. 9.] Defendants have filed two Motions to Maintain Documents Under Seal in relation to their Memorandum in Opposition to Plaintiffs' Motion for a Preliminary Injunction and evidentiary materials, which are the only subject of this Order. [Dkts. 50; 55.]

## II.    APPLICABLE STANDARD

When documents are used in a court proceeding to decide the merits of a party's claims, they are presumptively "'open to public inspection unless they meet the definition of trade secret or other categories of bona fide long-term confidentiality.'"  *Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009) (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)).  A showing of good cause is required to seal any portion of the record of a case from the public. *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999).  Good cause to seal confidential information may exist when the confidential material is non-dispositive or where documents contain trade secrets or other categories of sensitive information.  *See Baxter*, 297 F.3d at 545-46.  That said, materials that "'influence or underpin'" a decision by the Court are presumptively open to public inspection.  *Bond*, 585 F.3d at 1075 (quoting *Baxter*, 297 F.3d at 545).

Certain categories of information are required to be sealed by statute or are appropriately sealed at the court's discretion.  For instance, certain information regarding an individual's date of birth should be redacted, as may other personal and sensitive information such as medical records. *See, e.g.*, Fed. R. Civ. P. 5.2(a)(2); *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006) (indicating that a court may seal medical records and limit their use at trial "to the extent that the plaintiff's interest in privacy outweighs the probative value of the information contained in the records"); *Dengel v. Waukesha Cty.*, 16 F. Supp. 3d 983, 999 (E.D. Wis. 2014) (finding good cause to seal documents that contained sensitive medical information); *Moses v. USW Local Union 1014*, 2013 WL 2177577, at *8 (N.D. Ind. May 20, 2013) (sealing an appendix containing "sensitive personal medical records").

2

### III.   DISCUSSION

The first Motion to Maintain Documents Under Seal, [dkt. 50], concerns evidentiary materials containing "information that plaintiffs may believe to be confidential and designate as confidential under the stipulated protective order, including medical details concerning the individual minor plaintiffs and information that could potentially identify them." [Dkt. 50 at 1 (identifying dkts. 48-1 through 48-17).]   Defendants did not designate any information as confidential and sought to keep the identified exhibits under seal only until Plaintiffs responded, either authorizing the unsealing of the documents or filing a brief in support of sealing and redacted versions of any documents containing confidential information.  [*Id.*]

In response, Plaintiffs authorized the unsealing of sixteen out of the seventeen exhibits. [Dkt. 64 at 1 (authorizing the unsealing of dkts. 48-1; 48-2; and 48-4 through 48-17).]  Plaintiffs request to maintain under seal only one exhibit, [dkt. 48-3], which is a report proffered by Dr. Dianna Kenny, Ph.D., who "provides opinions as to the diagnosis and treatment of gender dysphoria generally and as to the minor plaintiffs specifically." [Dkt. 64 at 1.]  At the end of Dr. Kenny's report, she has appended a selection of the minor Plaintiffs' medical records, which Plaintiffs request be maintained under seal in their entirety.  [*Id.* at 1-3 (citing dkt. 48-3 at 160-319).]  Plaintiffs argue that these medical records "contain confidential information regarding the minor plaintiffs' health, welfare, and medical care, including details regarding the minor plaintiffs' physical characteristics, the names of the schools they attend, their grades, intimate specifics about the physical progress of their pubertal development, and private details of conversations had with mental health practitioners, among a host of other sensitive information," and that they "include information relating to conditions and diagnoses unrelated to gender dysphoria."  [*Id.* at 2-3.] Plaintiffs further assert that "[t]o the extent that information contained within these medical records

is pertinent to the legal issue before the Court, and much of it is not, the parties have entered into stipulations that address many, if not all, of the relevant facts contained within the medical records," and thus citation to the individual records is likely unnecessary. [*Id.* at 3.] Accordingly, Plaintiffs argue that the public's interest in reviewing the records would be minimal compared to the minor Plaintiffs' privacy interests. [*Id.*]

Plaintiffs also seek to maintain under seal two categories of information from the body of Dr. Kenny's report, of which Plaintiffs have filed a redacted version. [*Id.* at 3-4.] First, the redacted report removes the minor Plaintiffs' birth months and dates—leaving visible only the Plaintiffs' birth years—as required by Federal Rule of Civil Procedure 5.2(a)(2). [*Id.* at 4.] Second, Plaintiffs have redacted two sentences contained in Paragraph 213 of Dr. Kenny's report, which "contain extremely sensitive information that is taken largely verbatim from the medical records" and "reference[] confidential, sensitive information regarding an individual who is not a party to this litigation," noting that the "substantive import of these sentences is captured by Paragraph 58 of the parties' Joint Stipulation of Facts." [*Id.* (citing dkt. 51 at 9).] Plaintiffs further argue that "Paragraph 213 of Dr. Kenny's report is not cited by the State in its brief, and this information is not material to resolution of this matter," and that the redactions provide "the narrowest and most targeted means to protect this confidential information." [*Id.*] Plaintiffs represent that Defendants have taken no position as to the sealing of this information and "will not be filing an objection or any other response." [*Id.* at 4-5.]

The Court agrees with the Plaintiffs that there is good cause for the unredacted version of Dr. Kenny's report to remain under seal. [Dkt. 48-3.] The birth months and dates of the minor Plaintiffs have been appropriately redacted in accordance with Federal Rule of Civil Procedure 5.2(a)(2). The few sentences that Plaintiffs wish to redact from Paragraph 213 of Dr. Kenny's

report, as well as the medical records themselves, contain highly personal information about the minor Plaintiffs.  These documents include details such as the minor Plaintiffs' treating physicians, medical diagnoses, treatment histories, prescribed medications, and clinical notes.  The Plaintiffs have a substantial privacy interest in keeping these records from public disclosure that outweighs the public interest (if any) in reviewing such documents or the probative value of such documents.  Accordingly, good cause exists to maintain the documents under seal.  *See Doe*, 456 F.3d at 718.

The second Motion to Maintain Documents Under Seal, [dkt. 55], concerns Defendants' Memorandum in Opposition to Plaintiffs' Motion for a Preliminary Injunction, [dkt. 54].  As with their first Motion to Maintain Documents Under Seal, Defendants have not designated any information as confidential but requested that the document remain under seal to allow Plaintiffs an opportunity to authorize unsealing or file a brief in support of sealing.  [Dkt. 55 at 1.]  Plaintiffs have subsequently authorized the unsealing of Defendants' brief and have represented that Defendants will not be filing an objection or any other response.  [Dkt. 64 at 4-5.]  Accordingly, the Court orders that Defendants' brief, [dkt. 54], shall be unsealed.

## IV.   CONCLUSION

For these reasons, the Court finds that the Plaintiffs have shown good cause to maintain certain documents **UNDER SEAL** such that it **GRANTS IN PART and DENIES IN PART** Defendants' Motion to Maintain Documents Under Seal, [dkt. 50], and **DENIES** Defendants' Motion to Maintain Documents Under Seal, [dkt. 55].  Should the Court need to cite sealed information in making any decision on the merits of the issues presented in this case, the propriety of that information remaining under seal may be readdressed at that time.

The Clerk is directed to maintain **UNDER SEAL** the following documents:

- Dkt. 48-3 (The Court notes that a minimally redacted version of Dkt. 48-3 is already available on the Court's docket. [Dkt. 64-1.])

The Clerk is directed to immediately **UNSEAL** the following documents, given that no party opposes their unsealing:

- Dkt. 48-1

- Dkt. 48-2

- Dkt. 48-4

- Dkt. 48-5

- Dkt. 48-6

- Dkt. 48-7

- Dkt. 48-8

- Dkt. 48-9

- Dkt. 48-10

- Dkt. 48-11

- Dkt. 48-12

- Dkt. 48-13

- Dkt. 48-14

- Dkt. 48-15

- Dkt. 48-16

- Dkt. 48-17

- Dkt. 54

**SO ORDERED.**

Date: 6/13/2023

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Counsel of record via CM/ECF