UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| K.C., et al., | ) |
|    Plaintiffs, | ) |
| v. | ) No. 1:23-cv-00595-JPH-KMB |
| THE INDIVIDUAL MEMBERS OF THE MEDICAL LICENSING BOARD OF INDIANA, in their official capacities, *et al.*, | ) |
|    Defendants. | ) |

**CASE MANAGEMENT PLAN**

**I.  Parties and Representatives**

*Plaintiffs*:

A.  K.C.; Nathaniel and Beth Clawson; M.W.; Ryan and Lisa Welch; A.M.; Emily Morris; M.R.; Maria Rivera; Catherine Bast, M.D.; Mosaic and Healing Arts, Inc.

B.  Kenneth J. Falk, Gavin M. Rose, Stevie J. Pactor, ACLU of Indiana, 1031 E. Washington St., Indianapolis, IN, 46202, 317/635-4059, fax: 317/635-4105, kfalk@aclu-in.org, grose@aclu-in.org, spactor@aclu-in.org

Chase Strangio, Harper Seldin, ACLU, 125 Broad St., New York, NY, 10004, 212/549-2500, cstrangio@aclu.org; hseldin@aclu.org

*Defendants:*

A.  The Individual Members of the Medical Licensing Board of Indiana; Executive Director, Indiana Professional Licensing Agency; Attorney General of the State of Indiana; Secretary, Indiana Family and Social Services Administration; Indiana Family and Social Services Administration

B.  Thomas M. Fisher, Solicitor General; James A. Barta, Deputy Solicitor General; Corrine Youngs, Policy Director and Legislative Counsel; Melinda R. Holmes, Deputy Attorney General; Razi S. Lane, Deputy Attorney General; Office of the Attorney General; IGCS-5th Floor; 302 W. Washington St., Indianapolis, IN 46204; 317/232-6201; fax: 317/232-7979; Tom.Fisher@atg.in.gov;

      James.Barta@atg.in.gov, Corrine.Youngs@atg.in.gov; Melinda.Holmes@atg.in.gov; Razi.Lane@atg.in.gov

## II. Jurisdiction and Statement of Claims

    A. The parties agree that this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

    B. Plaintiffs claim that Indiana Senate Enrolled Act ("S.E.A.") 480, effective July 1, 2023, violates equal protection, due process, the First Amendment, the Medicaid Act, and the Affordable Care Act.

    C. Defendants contend that S.E.A. 480 does not infringe on any constitutional or statutory rights but is a reasonable regulation of the medical profession that promotes a compelling state interest in protecting minors.

## III. Explanation by the parties as to case management issues concerning the pending motion for class certification and proposed deadlines

On June 16, 2023, the Court entered a preliminary injunction enjoining S.E.A. 480's prohibition on gender transition procedures, except for its prohibition on gender reassignment surgery. (Dkt. 68 at 1). The preliminary injunction also enjoined S.E.A. 480's prohibition on "'aid[ing] or abet[ting] another physician or practitioner in the provision of gender transition procedures to a minor'" as applied to providing patients with information, making referrals to other medical providers, and providing medical records or other information to medical providers." (*Id.*).

Defendants will appeal the Court's Order Granting In Part Plaintiffs' Motion For Preliminary Injunction (Dkt. 67) to the Seventh Circuit Court of Appeals. The plaintiffs' motion for class certification remains pending. Defendants' response memorandum in opposition to the motion and further briefing was stayed pending resolution of the preliminary injunction. (Dkt. 43).

The parties agree that briefing should continue on the issue of class certification. Defendants wish to conduct discovery directed to the issue of class certification, and the parties agree that all such discovery, including any by plaintiffs directed to the issue of class certification, shall be <u>completed</u> by October 16, 2023. Defendants agree to file their memorandum in opposition by November 1, 2023, and plaintiffs will file their reply no later than November 20, 2023.

## IV. Pretrial Pleadings and Disclosures

    A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before August 7, 2023.

    B. Plaintiffs shall file preliminary witness and exhibit lists on or before August 14, 2023.

    C. Defendants shall file preliminary witness and exhibit lists on or before August 21, 2023.

D.  All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before September 5, 2023.

E.  The parties agree that because this case seeks to declare an Indiana statute unlawful and to enjoin it and does not seek damages, that settlement is not a possibility, and the parties agree that plaintiffs should be excused from the requirement of making a settlement offer.

F.  Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiffs shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before April 5, 2024.  Defendants shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before May 6, 2024. Plaintiffs shall have 21 days after the filing of defendants' expert disclosures to file any rebuttal expert disclosures.

G.  Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.  Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before September 1, 2024. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.  All parties shall file and serve their final witness and exhibit lists on or before June 5, 2024.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J.  Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.  Discovery of electronically stored information ("ESI").  If either party is seeking the production of a substantial volume of ESI, then complete the ESI Supplement

to the Report of the Parties' Planning Meeting (also available in MS Word on the court's website at http://www.insd.uscourts.gov/case-management-plans).

The parties do not believe that there is a substantial amount of ESI in this case. Unless otherwise agreed by the parties or ordered by the Court, all ESI will be produced in its native format.

The parties will be seeking information relevant to the issues presented by the motion for class certification and will be seeking discovery concerning health care for transgender youth, the efficacy of the care prohibited by S.E.A. 480, and the opinions of the experts in this case and the bases for these opinions, among other matters.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

### V.  Discovery[1] and Dispositive Motions

A.  Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?  Yes:

Plaintiffs:   Plaintiffs believe that S.E.A. 480 is unconstitutional and unlawful on its face and the uncontested evidence will demonstrate that S.E.A. 480 prohibits treatment that is well accepted and viewed as the standard of care and that it prohibits treatment for transgender youth that is allowed in other circumstances involving youth who are not transgender, thereby violating both the Medicaid Act and the Affordable Care Act. Plaintiffs also believe that it is uncontested that the

---

[1]  The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

"aiding and abetting" provisions of the statute prohibit speech concerning lawful activities.

<u>Defendants:</u>   Defendants believe the undisputed evidence will show that S.E.A. 480 is a lawful, constitutional measure that advances the State's compelling interest in protecting minors from irreversible physical and psychological harm. Defendants also believe that Plaintiffs' Medicaid and Affordable Care Act claims must fail as a matter of law. Defendants further believe that, as a matter of law, the statute's "aiding and abetting" provisions constitute conduct-based regulations consistent with all First Amendment guarantees.

B. On or before March 12, 2024, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Select the track that best suits this case:

<u>X</u>  Track 3: Dispositive motions shall be filed by June 5, 2024; non-expert discovery shall be completed by March 5, 2024; expert witness discovery shall be completed by August 5, 2024. The parties believe that there are special circumstances that justify departure from Tracks 1 or 2 inasmuch as, although this case was filed on April 5, 2023, all discovery was focused on the preliminary injunction and the parties need slightly more time to prepare dispositive motions and complete discovery.

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

## VI. **Pre-Trial/Settlement Conferences**

Given the nature of the case, the parties agree that settlement is not a possibility.

## VII. **Trial Date**

The parties request a trial date in November of 2024. The trial is by the Court and is anticipated to take seven days. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

## VII. **Referral to Magistrate Judge**

    A.    **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

    B.    **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII. Required Pre-Trial Preparation

    A.    **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1.    File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

        2.    Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3.    Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

            a.    brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

            b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

  5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

  6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

 B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

  1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

  2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

  3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

  4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. <u>Other Matters</u>

The parties believe they have addressed all other matters in Section III, above.

| | |
|---|---|
| Kenneth J. Falk<br>ACLU of Indiana<br>1031 E. Washington St.<br>Indianapolis, IN 46202<br>317/635-4059 ext. 104<br>fax: 317/635-4105<br>kfalk@aclu-in.org | <u>s/ *Thomas M. Fisher*</u><br>(with permission)<br>Thomas M. Fisher<br>Solicitor General<br>Office of the Attorney General<br>IGCS-5th Floor<br>302 W. Washington St.<br>Indianapolis, IN 46204 |

Attorney for the Plaintiffs

317/232-6255
fax: 317/232-7979
Tom.Fisher@atg.in.gov

Attorney for Defendants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
|   | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT \_\_\_\_\_.M., ROOM _____. |

| | |
|---|---|
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____ .M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (\_\_\_\_) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (\_\_\_\_) _____; |
| | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**