UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| K.C., et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )  No. 1:23-cv-00595-JPH-KMB |
| | ) |
| THE INDIVIDUAL MEMBERS | ) |
| OF THE MEDICAL LICENSING | ) |
| BOARD OF INDIANA, in their | ) |
| official capacities, et al., | ) |
| | ) |
|     Defendants. | ) |

**JOINT SUBMISSION OF**
**DEFENDANTS AND GEKCO**

Pursuant to the Court's Order dated September 27, 2023, ECF No. 95, Defendants and non-party Gender Expansive Kids & Company (GEKCO) jointly submit this statement and exhibit regarding the disputed discovery matters:

1. This case is a putative class action in which several transgender minors, their parents, a treating physician, and the physician's practice have challenged Indiana Senate Enrolled Act 480. ECF No. 1. With exceptions not relevant here, that statute prohibits licensed medical providers from providing gender-transition procedures to minors. Ind. Code § 25-1-22-13. Plaintiffs moved to certify several classes, including providers who provide gender-transition procedures to minors. ECF No. 10 at 1–3. Plaintiffs submitted a declaration from a representative of GEKCO. ECF No. 26-15. The Court has allowed the parties to conduct discovery relevant to class certification, which closes October 16, 2023. ECF No. 84 at 2.

2. On July 24, 2023, Defendants served on non-party GEKCO a subpoena to produce documents which made six requests for production, including in relevant part:

1

  a. Request No. 5: Any documents showing which medical providers, if any, to whom you refer minors or their parents or guardians for purposes of obtaining gender transition procedures.

Ex. A at 5. GEKCO requested and received extensions of time to respond.

  3. On September 1, 2023, GEKCO served objections and responses. It produced some documents in response to Request No. 5 but withheld documents that would identify providers not already listed on its website. Ex. A at 5–6. Counsel for Defendants and GEKCO met and conferred on September 13, 2023. Afterwards, GEKCO clarified that it has "some documents identifying healthcare providers. It has referred you to those of which are public (i.e., on its website), but has not produced—for the reasons stated in its objections—materials that merely mention a healthcare provider but do not constitute a medical referral or medical referral letter as defined above."

  4. Defendants continue to seek documents responsive to Request No. 5. Defendants' position is that information about which Indiana medical providers provide gender-transition procedures to minors is relevant to whether the proposed class of medical providers is sufficiently numerous. The documents also could lead to additional relevant information related to commonality and typicality from the providers themselves. Defendants have agreed to accept redactions that protect information identifying minors and their families.

  5. GEKCO is an informal unincorporated association of families provides peer to peer support to families with transgender and gender expansive children. GEKCO has no employees, board, or budget: it is simply a group of Hoosier families exercising their state and federal constitutional rights of free association and assembly, free expression, and freedom of religion when they meet to discuss shared concerns about raising their children. It provides no counseling or medical services. With respect to Request No. 5, GEKCO has referred Defendants to its website, its publicly accessible Facebook page, and produced documents subject to objections (not all of

which are recounted here); and stated that it does not refer minors, parents, and/or guardians seeking gender transition procedures to medical providers. GEKCO also related that – lack of referrals aside – it has emails between parents that mention medical providers. All of these emails contain confidential information, and GEKCO objects to this request to the extent it seeks private communications among GEKCO volunteers and others regarding personal opinions about various healthcare providers and whether they share philosophical, medical, religious, political, and/or other beliefs that make them an appropriate choice for medical care. Further, GEKCO asserts this request seeks documents that are irrelevant to this action and disproportional to the needs of this case, and thus exceeds the scope of discovery permitted under Rule 26(b) of the Federal Rules of Civil Procedure. As such, GEKCO also asserts these requests also violate the Rule 45(d)(1) requirement to avoid imposing undue burden or expense on GEKCO.

Date: September 29, 2023

Respectfully submitted,

*s/ Mark W. Sniderman*
Mark W. Sniderman
SNIDERMAN LAW
One Indiana Sq., Ste. 1550
Indianapolis, IN 46204
(317) 361-4700
(317) 361-4004 Fx
mark@snidermanlaw.com

THEODORE E. ROKITA
Attorney General of Indiana

By: /s/ James A. Barta
James A. Barta
Deputy Solicitor General
Office of the Attorney General
302 W. Washington St., IGCS 5th Floor
Indianapolis, IN 46204-2770
Phone: (317) 232-0709
Fax: (317) 232-7979
Email: James.Barta@atg.in.gov