# Exhibit A



September 1, 2023

**Via E-Mail Only**

Thomas M. Fisher, Solicitor General
James A. Barta, Deputy Solicitor General
Office of the Attorney General
302 W. Washington St., IGCS 5th Floor
Indianapolis, IN  46204-2770
Tom.Fisher@atg.in.gov
James.Barta@atg.in.gov

RE:   Subpoenas to Nonparty Gender Expansive Kids & Company in Case No. 1:23-cv-595-JPH-KMB, U.S. District Court for the Southern District of Indiana

Dear Solicitor General Fisher and Deputy Solicitor General Barta:

      As you know, I am counsel to Gender Expansive Kids & Company (GEKCO). Thank you for your courtesy in granting extensions of time within which GEKCO could respond and object to the subpoenas for documents and testimony that were served upon it in this matter. This letter constitutes GEKCO's objections and written response to the subpoenas. Please also understand that I use the term GEKCO to include Krisztina Inskeep and the co-founders of GEKCO personally, except as otherwise indicated by the context.

      By way of background, GEKCO is an unincorporated association of families founded in 2015 that provides peer to peer support to families with transgender and gender expansive children. While the name includes the word "company," it is only a reference to kids and their family (i.e., the kids' "company"). GEKCO has no board, officers, employees, offices, revenue or budget. It is simply a group of Hoosier families exercising their state and federal constitutional rights of free association and assembly, free expression, and freedom of religion when they meet to discuss shared concerns about raising their children. This includes sharing their deep concerns about the unconstitutional and improper efforts of government officials to interfere with their fundamental rights to raise their children, to make choices about their medical care, and to raise them free from government interference, overreach, and bullying.

      GEKCO does not provide counseling or medical services of any kind. Rather, it is a monthly meeting of families with children who are transgender or gender-expansive and generally age 13 or under. GEKCO does not provide formal programming but has very occasionally invited a guest speaker to a meeting. Meetings involve an initial period when parents/families play and

talk with each other. After this, parents split off to have private discussion without the children present. No programming is provided for kids who attend meetings: they are supervised and play games and do crafts during the time parents meet separately.

I wanted to share this information with you to help provide context for GEKCO's objections and responses below and with respect to your duty under Rule 45(d)(1) to avoid imposing undue burden or expense on GEKCO in connection with your discovery requests.

Please take some time to view GEKCO's website, as it fairly comprehensively captures the information sought in your subpoenas. As you will see from the objections below, GEKCO is acutely concerned about protecting the identities of the participating families, and of healthcare providers who are not listed on its website. If it is not your intention to seek that information, then I do not believe there will be many issues with which we need contend.

**Response to Subpoena for Documents**

As a general matter, the core of the material sought by the subpoena is already gathered in one place: GEKCO's website which is found at [www.ingekco.com](www.ingekco.com). GEKCO specifically created this website precisely in order to post resources for families raising transgender/gender-expansive children. This includes lists of healthcare providers who GEKCO believes to be experienced in providing medical care to such children. Information/resources of note that are discussed in a meeting are typically posted to the website. GEKCO refers families to the website for resources and information of exactly the type requested by the subpoena. GEKCO also has a Facebook page upon which it posts information. Accordingly, given the requirement to minimize the burden and expense on GEKCO and Ms. Inskeep of compliance, GEKCO's referral to its website and Facebook page, and its production of documents, serve as complete compliance with its obligations.

While directing you to its website and Facebook page constitutes full compliance with the subpoena, GEKCO is also deeply concerned that its rights – and the rights of the families with which it associates - be scrupulously respected. Accordingly, to the extent reference to these two sources of information is not deemed complete compliance, GEKCO has a number of objections that prudence requires to be asserted.

With respect to the subpoena for documents, GEKCO objects on the same grounds to several requests:

1. As noted, GEKCO has a publicly viewable website – www.ingekco.com – and a publicly viewable Facebook page which contain information responsive to the subpoena. These sites contain information about GEKCO and much of the information sought by the subpoena. GEKCO objects to having to re-produce the materials available on its website and Facebook page, given this information is equally available to your office for printing or electronic copying and storage. This objection applies to requests 2, 3, 4, and 5.

2. GEKCO also objects to the subpoena's failure to specify a reasonable and relevant time period for which documents are sought. This objection applies to requests 2, 3, 4, and 5. SB 480 was not introduced until the 2023 legislative session and was not signed into

law until April 5, 2023, and was not to take effect until July 1, 2023. GEKCO objects to responding or producing any documents pre-dating January 1, 2023, as not relevant to any party's claim or defense and/or proportional to the needs of the case, and thus beyond the scope of discovery permitted by Rule 26(b)(1).

3. GEKCO objects to the subpoena to the extent that it seeks the specific site(s) where meetings are held and/or information that GEKCO is obligated to keep confidential under the agreement among parent participants. This objection applies to requests 2, 3, 4, and 5. The health and safety of families with transgender and gender expansive children are at substantial risk simply because their children do not conform to certain groups' religious views, which they are unconstitutionally attempting to force on others through legislative, executive and administrative government action. In addition to risks of physical harm (including mass shootings), these children and their families are also at substantial risk of individual and systemic bullying, being socially ostracized, online harassment, "doxing" and other adverse consequences not faced by families with children who conform to these groups' gender role expectations. Because of these concerns, GEKCO families agree from the outset of their participation that they will maintain in strict confidence communications within the group and the identities of the families who participate. All families are vetted before being invited to GEKCO meetings, sharing personal information about their family that demonstrates they are affirming and supportive of their children who are transgender or gender expansive. This information is provided specifically for this purpose and on the understanding it will not be provided to others. All parents/adult attendees must agree they will keep all discussion during the parent meeting confidential (except as otherwise agreed), and that they will not disclose who attends GEKCO meetings. During the monthly GEKCO meetings, at the outset of every discussion when parents meet separately, attendees are reminded and confirm that they agree to this confidentiality requirement. After announcements and any items of general interest are addressed, parents have an open forum for confidential discussion about whatever issues/concerns/experiences they have on their minds and wish to discuss with other, similarly situated parents specifically on the basis that they will be held in strict confidence. Follow up communications with GEKCO are likewise treated as highly confidential. Accordingly, GEKCO objects to these requests to the extent they encompass such documents.

    Further, other third parties (GEKCO families) have important interests at stake and a right to be heard before their identities or confidential communications are divulged. GEKCO objects to disclosure of such third party information unless they are first given notice and an opportunity to object and be heard by the court.

4. GEKCO also objects to Requests 2, 3, 4 and 5 to the extent the subpoena encompasses the identities/identifying information for parents or healthcare providers, or details regarding communications regarding their fundamental rights to raise children, to make decisions about their medical care, to express privately and without government intrusion or eavesdropping their philosophical and religious views on issues about their children; to associate and assemble freely with others of their choosing who share common interests; to petition the government and otherwise exercise their rights under the Indiana and United States Constitutions. Specifically, GEKCO objects that

3

      discovery of this information is prohibited by the Indiana Constitution, including without limitation Article 1, Sections 2, 3, 4, 9 and 31, and the First, Fifth, and Fourteenth Amendments to the United States Constitution.

5. While I trust this is not the case, I am obliged to raise this objection to preserve it in the event it is applicable. To the extent the subpoena seeks documents with identities of/identifying information for parents or healthcare providers, GEKCO objects to the subpoena as an abuse of process. On its face, it appears the subpoena may have been crafted specifically for the purpose of obtaining this information not because it is properly discoverable in this matter and needed for the purpose of preparing for trial, but for an entirely different purpose: to identify parents and healthcare providers that can be targeted for political and/or other purposes, "outing" them in press releases, media interviews, social media posts, and to potentially initiate regulatory proceedings. This concern is enhanced by GEKCO's understanding that the Attorney General appears to be seeking the same information through information demands served outside of this litigation in connection with an "investigation," in addition to other high-profile events or controversies involving the Office of the Attorney General to further a particular religious/political agenda. Accordingly, GEKCO objects to producing any documents that identify specific parents/families of transgender and gender expansive children or the identity of any specific healthcare providers not publicly disclosed on its website.

**REQUEST NO. 1**: Any bylaws, charters, and/or articles of incorporation for GEKCO.

**RESPONSE:** GEKCO possesses no documents responsive to this Request, as GEKCO is an unincorporated association.

**REQUEST NO. 2**: All forms or documents used by you to connect minors, their parent or guardians, or others to gender affirming care providers in Indiana.

**RESPONSE:** Subject to and without waiving its above objections, GEKCO also objects to this request to the extent it seeks private communications among Ms. Inskeep/GEKCO and others regarding personal opinions about various healthcare providers and whether they share philosophical, medical, religious, political, and/or other beliefs that make them an appropriate choice for medical care. The specific identities of those who seek information from GEKCO (i.e., Hoosier families who are trying to raise their transgender and gender expansive children without government interference and harassment) and the identity of the specific medical providers that are mentioned in these communications have no relevance to the issues addressed in Ms. Inskeep's Declaration, nor do they appear to relate to any of the parties' claims or defenses in the underlying lawsuit as required by Rule 26(b)(1). As such, these requests also violate the Rule 45(d)(1) requirement to avoid imposing undue burden or expense on GEKCO. GEKCO further objects that to the extent this request seeks such information, its sole purpose is to cause GEKCO annoyance, embarrassment, oppression, or undue burden or expense. GEKCO further objects that seeking this information is an effort to retaliate against GEKCO and participating families for the exercise of their Indiana and federal constitutional rights, including their rights of free expression, assembly, association, and exercise of their religion, and also constitutes an abuse of process.

Subject to and without waiving its above objections, please see information and materials posted on GEKCO's public website and Facebook page which contain information that is responsive to this request and see the produced documents.

**REQUEST NO. 3**: All forms or documents used by you to educate minors, or their parents or guardians, about gender affirming care, its providers, and its availability in Indiana.

**RESPONSE:** Subject to and without waiving its above objections, GEKCO also objects to this request to the extent it seeks private communications among Ms. Inskeep/GEKCO and others regarding personal opinions about various healthcare providers and whether they share philosophical, medical, religious, political, and/or other beliefs that make them an appropriate choice for medical care. The specific identities of those who seek information from GEKCO (i.e., Hoosier families who are trying to raise their transgender and gender expansive children without government interference and harassment) and the identity of the specific medical providers that are mentioned in these communications have no relevance to the issues addressed in Ms. Inskeep's Declaration, nor do they appear to relate to any of the parties' claims or defenses in the underlying lawsuit as required by Rule 26(b)(1). As such, these requests also violate the Rule 45(d)(1) requirement to avoid imposing undue burden or expense on GEKCO. GEKCO further objects that to the extent this request seeks such information, its sole purpose is to cause GEKCO annoyance, embarrassment, oppression, or undue burden or expense. GEKCO further objects that seeking this information is an effort to retaliate against GEKCO and participating families for the exercise of their Indiana and US Constitutional rights, including their rights of free expression, assembly, association, and exercise of their religion, and also constitutes an abuse of process.

Subject to and without waiving its above objections, please see information and materials posted on GEKCO's public website and Facebook page which contain information that is responsive to this request and see the produced documents.

**REQUEST NO. 4**: Any documents used by you to provide counseling, care coordination, group meetings, parental support to minors, their parents, or others in Indiana.

**RESPONSE:** Subject to and without waiving its above objections, GEKCO states that it does not provide counseling, care coordination or any type of programming for minors. GEKCO also objects to the request because the term "parental support to minors, their parents, or others in Indiana" is unintelligible in the context used. In an effort to meet what may be the intent of this language, GEKCO states the materials posted on GEKCO's public website and Facebook page and the resources they list may be referenced or contain information/resources shared during parent meetings. Please also see the produced documents.

**REQUEST NO. 5**: Any documents showing which medical providers, if any, to whom you refer minors or their parents or guardians for purposes of obtaining gender transition procedures.

**RESPONSE:** Subject to and without waiving its above objections, GEKCO states it is not a healthcare provider that can make medical referrals, and thus has no responsive documents of that type. GEKCO also objects to this request to the extent it seeks private communications

5

among Ms. Inskeep/GEKCO and others regarding personal opinions about various healthcare providers and whether they share philosophical, medical, religious, political, and/or other beliefs that make them an appropriate choice for medical care. The specific identities of those who seek information from GEKCO (i.e., Hoosier families who are trying to raise their transgender and gender expansive children without government interference and harassment) and the identity of the specific medical providers that are mentioned in these communications have no relevance to the issues addressed in Ms. Inskeep's Declaration, nor do they appear to relate to any of the parties' claims or defenses in the underlying lawsuit as required by Rule 26(b)(1). As such, these requests also violate the Rule 45(d)(1) requirement to avoid imposing undue burden or expense on GEKCO. GEKCO further objects that to the extent this request seeks such information, its sole purpose is to cause GEKCO annoyance, embarrassment, oppression, or undue burden or expense. GEKCO further objects that seeking this information is an effort to retaliate against GEKCO and participating families for the exercise of their Indiana and US Constitutional rights, including their rights of free expression, assembly, association, and exercise of their religion, and also constitutes an abuse of process.

Subject to and without waiving its objections, GEKCO states the resources posted on GEKCO's website, Facebook page, and the produced documents contain information about medical resources and providers.

**REQUEST NO. 6**: Any medical referral letters generated by you in the last two years on behalf of minors in Indiana seeking gender transition procedures.

**RESPONSE:** GEKCO does not generate medical referral letters and thus has no responsive documents.

Please let me know if you would like to discuss GEKCO's objections or believe referring you to GEKCO's website and Facebook page is not a sufficient response. GEKCO remains prepared to continue to work with you in good faith to provide the information to which you are legally entitled. At the same time, GEKCO insists that its confidentiality interests and constitutional rights, and those of the families who participate in its meetings, be respected and protected.

**Deposition Subpoena**

GEKCO also has objections to the "Subpoena to Testify at a Deposition in a Civil Action." Initially, GEKCO objects that the subpoena fails to comply with Rule 45. Rule 45(b)(1) expressly requires fees for one day's attendance and mileage to accompany the subpoena. As you know, the only exception applies to the United States and its officers and agencies, but not to state officials like Attorney General Rokita. Accordingly, that subpoena is defective and invalid. Further, the subpoena fails to comply with Rule 45(a)(1)(A)(iii)'s requirement that a specific time and place be included and is thus defective and invalid for this omission.

While the subpoena is itself defective, in the spirit of good faith cooperation, if you determine you wish to attempt to take GEKCO's deposition, please contact me and we can discuss the topics and whether the organization is willing to appear voluntarily without the formality of requiring a proper subpoena.

To facilitate that discussion should it be needed, please allow me to inform you of GEKCO's objections to the topics listed in the notice. Again, you will see that GEKCO's primary concerns relate to personal identifying information about members and about healthcare providers who are not listed on the GEKCO website:

**Objection applicable to all topics:** Each of the topics identified in the subpoena could be construed to include personal identifying information of GEKCO families or healthcare providers who are not listed on GEKCO's website. To the extent a topic encompasses information about the identity of healthcare providers not on GEKCO's website and discussed in confidence with GEKCO, and/or the personal identifying information of GEKCO families, GEKCO incorporates by reference its document objections 3, 4 and 5, and its response to document Request No. 3. GEKCO objects to providing this information with respect to all of the listed topics. The specific identities of those who seek information from GEKCO (i.e., Hoosier families who are trying to raise their transgender and gender expansive children without government interference and harassment), and the identity of the specific medical providers that are mentioned in these communications have no relevance to the issues addressed in Ms. Inskeep's Declaration, nor do they appear to relate to any of the parties' claims or defenses in the underlying lawsuit as required by Rule 26(b)(1). As such, these requests also violate the Rule 45(d)(1) requirement to avoid imposing undue burden or expense on GEKCO. GEKCO further objects that to the extent this request seeks such information, its sole purpose is to cause GEKCO annoyance, embarrassment, oppression, or undue burden or expense. GEKCO further objects that seeking this information is an effort to retaliate against GEKCO and participating families for the exercise of their Indiana and US Constitutional rights, including their rights of free expression, assembly, association, and exercise of their religion, and also constitutes an abuse of process for the reasons stated above in GEKCO's objections to the document subpoena.

**Topic 1**: History of GEKCO, including information concerning its mission, membership, values, and development in Indiana since creation in 2005 [sic].

**Response:** GEKCO has no objection to testifying about the history of GEKCO, including information concerning its mission, a generic description of its membership, its values, and its development in Indiana since its creation in 2015.

GEKCO incorporates by reference its "Objection applicable to all topics."

**Topic 2:** Any resources, documents or otherwise, provided by you to minors or their parents or guardians intended to "help families navigate the complex issues that are common to transgender youth, such as education or healthcare."

**Response:** GEKCO objects to this topic to the extent that it encompasses personal identifying information for persons who are "members" of GEKCO. GEKCO objects to providing this information for the reasons stated in its "Objection applicable to all topics."

**Topic 3:** Background and qualifications of any persons affiliated with you who "assist in connecting transgender youth to gender affirming medical care."

7

**Response:**  GEKCO has no objection to providing this information regarding the four founders of GEKCO.

GEKCO incorporates by reference its "Objection applicable to all topics." To further explain its concern with respect to this topic, GEKCO consists of families with transgender and gender expansive children who provide peer-to-peer support, and share information, resources, and experiences. Thus, it may be one family sharing its positive or negative experiences with a particular healthcare provider with other families, thereby "connecting" them with a particular provider. Accordingly, as phrased, this topic is directly seeking personal identifying information regarding GEKCO's member families (i.e., their background and qualifications).

**Topic 4:**  Topics covered during your monthly meetings attended by transgender youth and their families.

**Response:**  GEKCO has no objection to testifying generically about topics that arise during monthly meetings.

GEKCO incorporates by reference its "Objection applicable to all topics" to the extent that this topic encompasses personal identifying information for persons who attend GEKCO meetings.  To further explain its concern, topics at GEKCO meetings generally relate to particular issues that one or more families have encountered and wish to discuss and are seeking the experience of other GEKCO families. Accordingly, as phrased, this topic could be construed to encompass personal identifying information regarding GEKCO families.

**Topic 5:**  Any medical providers that provide gender transition procedures to whom you recommend minors or their parents or guardians.

**Response:**  GEKCO has no objection to testifying about information regarding medical providers that is contained on its website.

To the extent this topic relates to medical providers not listed on GEKCO's website, GEKCO incorporates by reference its "Objection applicable to all topics."

**Topic 6:**  Any information provided by you to minors, or their parents or guardians, about gender dysphoria or the availability of hormone therapy, puberty blockers, or any other gender transition procedure to minors in Indiana.

**Response:**  GEKCO has no objection to testifying about the information that is contained on its website or in generic terms about information shared at GEKCO meetings on these topics.

To the extent this topic encompasses personal identifying information about healthcare providers not listed on GEKCO's website and that have been discussed in confidence with GEKCO, and/or the personal identifying information of GEKCO families, GEKCO incorporates by reference its "Objection applicable to all topics."

**Topic 7:** Information you provide to minor patients, or to their parents or guardians concerning treatments for gender dysphoria or a related condition, other than the administration of puberty blockers, cross-se hormones, or surgery.

**Response:** GEKCO has no objection to testifying about the information that is contained on its website or in generic terms about information shared at GEKCO meetings on these topics.

GEKCO objects to this request to the extent it seeks private communications between GEKCO and others regarding personal opinions, experiences, or beliefs on these topics that specific families have shared at GEKCO meetings, or to obtain personal identifying information about GEKCO families or healthcare providers not listed on GEKCO's website. GEKCO incorporates by reference its "Objection applicable to all topics."

     *    *    *    *    *

Thank you for your patience in reviewing our objections. As noted at the outset, I believe you should find the information on the GEKCO website to be what I understand the subpoena seeks. Further, it is where GEKCO specifically collects resources (including information about health care providers) to make them available to families. Given the type of organization GEKCO is, and given Rule 45(d)(1)'s requirement to take reasonable steps to avoid imposing undue burden or expense, its references to its websites and its production of documents constitute a reasonable and complete response to the subpoena. I am happy to discuss any additional questions you have about GEKCO or its above responses to your subpoenas.

                Sincerely,

                *s/ Mark W. Sniderman*
                Mark W. Sniderman

MWS/
Enc.
cc: Krisztina Inskeep