UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| K.C., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00595-JPH-KMB |
| | ) | |
| THE INDIVIDUAL MEMBERS | ) | |
| OF THE MEDICAL LICENSING | ) | |
| BOARD OF INDIANA, in their | ) | |
| official capacities, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT SUBMISSION OF
DEFENDANTS AND GENDERNEXUS**

Pursuant to the Court's Order dated September 27, 2023, ECF No. 95, Defendants and non-party GenderNexus jointly submit this statement and exhibits regarding the disputed discovery matters:

1.    This case is a putative class action in which several transgender minors, their parents, a treating physician, and the physician's practice have challenged Indiana Senate Enrolled Act 480. ECF No. 1. With exceptions not relevant here, that statute prohibits licensed medical providers from providing gender-transition procedures to minors. Ind. Code § 25-1-22-13. Plaintiffs moved to certify several classes, including providers who provide gender-transition procedures to minors. ECF No. 10 at 1–3. Plaintiffs submitted a declaration from a representative of GenderNexus. ECF No. 26-18. The Court has allowed the parties to conduct discovery relevant to class certification, which closes October 16, 2023. ECF No. 84 at 2.

2.    On July 24, 2023, Defendants served on non-party GenderNexus a subpoena to produce documents which made six requests for production, including in relevant part:

1

a. Request No. 5: Any documents showing which medical providers, if any, to whom you refer minors or their parents or guardians for purposes of diagnosing gender dysphoria or obtaining gender transition procedures.

b. Request No. 6: Any medical referral letters generated by you in the last two years on behalf of minors in Indiana seeking gender transition procedures.

*See* Ex. A at 4–6.  GenderNexus requested and received extensions of time to respond.

3.     On September 1, 2023, GenderNexus served objections and responses. It produced some documents in response to Request No. 5 but withheld documents that would identify providers not already listed on its website and declined to produce any documents responsive to Request No. 6. Ex. A at 5–6. Counsel for Defendants and GenderNexus met and conferred on September 13, 2023. Afterwards, GenderNexus produced an example of the letters GenderNexus generates and sends to medical providers. Ex. B. It also stated by email that: "When minors seek medical providers who will provide gender transition procedures, GenderNexus refers such minors to Riley Children's Health. GenderNexus will not produce names of other medical providers with which it may correspond or send Medical Referral (WPATH) Letters."

4.     Defendants continue to seek documents responsive to Request Nos. 5 and 6. Defendants' position is that information about which Indiana medical providers provide gender-transition procedures to minors is relevant to whether the proposed class of medical providers is sufficiently numerous. Defendants also believe that the contents of the medical referral letters to Indiana providers are relevant to commonality and typicality by showing (a) what, if any, standards of care the providers may follow and (b) what, if any, evaluations that providers require before they perform gender-transition procedures on minors. The documents could lead to additional relevant information from the providers themselves. Defendants have agreed to accept redactions that protect information identifying minors and their families.

5.     GenderNexus has provided over forty documents to Defendants in response to their

2

nonparty subpoena as well as additional information not compelled by the subpoena. GenderNexus has also asserted multiple objections to the subpoena's requests (not all of which are recounted here). With respect to Request No. 5, GenderNexus has referred Defendants to its website and its publicly accessible Facebook pages, and stated that it refers minors, parents, and/or guardians seeking gender transition procedures to Riley Children's Health. Separately, with respect to Request No. 6, GenderNexus sends "Medical Referral (WPATH) Letters" to medical providers which provide a biopsychosocial assessment of minors seeking gender transition procedures. These letters are detailed, personalized, and contain unique, identifying, information. They also contain confidential protected medical information. GenderNexus believes both requests seek documents that are irrelevant to this action and disproportional to the needs of this case, and both thus exceed the scope of discovery permitted under Rule 26(b) of the Federal Rules of Civil Procedure. As such, GenderNexus asserts they also violate Rule 45(d)(1)'s requirement to avoid imposing undue burden or expense on GenderNexus.

Date: September 29, 2023

Respectfully submitted,

*s/ Mark Sniderman*
Mark W. Sniderman
SNIDERMAN LAW
One Indiana Sq., Ste. 1550
Indianapolis, IN 46204
(317) 361-4700
(317) 361-4004 Fx
mark@snidermanlaw.com

THEODORE E. ROKITA
Attorney General of Indiana

By:  /s/ James A. Barta
James A. Barta
Deputy Solicitor General
Office of the Attorney General
302 W. Washington St., IGCS 5th Floor
Indianapolis, IN 46204-2770
Phone:  (317) 232-0709
Fax:  (317) 232-7979
Email: James.Barta@atg.in.gov