# Exhibit A



September 1, 2023

**Via E-Mail Only**

Thomas M. Fisher, Solicitor General
James A. Barta, Deputy Solicitor General
Office of the Attorney General
302 W. Washington St., IGCS 5th Floor
Indianapolis, IN  46204-2770
Tom.Fisher@atg.in.gov
James.Barta@atg.in.gov

RE:   Subpoenas to Nonparty GenderNexus, Inc., in Case No. 1:23-cv-595-JPH-KMB, U.S. District Court for the Southern District of Indiana

Dear Solicitor General Fisher and Deputy Solicitor General Barta:

As you know, I am counsel to GenderNexus, Inc. (GenderNexus). Thank you for your courtesy in granting extensions of time within which GenderNexus could respond and object to the subpoenas for documents and testimony that were served upon it in this matter. This letter constitutes GenderNexus' objections and written response to the subpoenas.

By way of background, GenderNexus is a non-profit corporation founded in 2014 that empowers gender-diverse people and their loved ones to live healthy, authentic, and joyful lives. It serves as a safe, inclusive space for gender-diverse people and their loved ones to find the support they need. It helps coordinate the care of gender-diverse people; connects people with local regional, and national resources; and promulgates information regarding support groups, emergency shelter, education, health, and HIV education.

I wanted to share this information with you to help provide context for GenderNexus's objections and responses below and with respect to your duty under Rule 45(d)(1) to avoid imposing undue burden or expense on GenderNexus in connection with your discovery requests.

Please take some time to view GenderNexus's website, available at www.gendernexus.org, as it fairly comprehensively captures the information sought in your subpoenas. As you will see from the objections below, GenderNexus is acutely concerned about protecting the identities of the people who seek information and care from it, **and of healthcare providers who are not listed on its website.** If it is not your intention to seek that information, then I do not believe there will be many issues with which we need contend.

**Response to Subpoena for Documents**

As a general matter, the core of the material sought by the subpoena is already gathered in one place: GenderNexus' website which is found at www.gendernexus.org. GenderNexus specifically created this website in order to post resources for LGBTQ+ youth, their allies, and their families. The site refers the families of minors to only one health care provider – the Gender Health Program at Riley Children's Hospital. GenderNexus refers families to the website for resources and information of exactly the type requested by the subpoena. GenderNexus also has a Facebook page (https://www.facebook.com/GenderNexus) upon which it posts information and news. Accordingly, given the requirement to minimize the burden and expense on GenderNexus of compliance, GenderNexus's referral to its website and Facebook page serves as complete compliance with its obligation to produce documents.

While directing you to its website and Facebook page constitutes full compliance with the subpoena, GenderNexus is also deeply concerned that its rights – and the rights of the youth and families with which it associates – be scrupulously respected. Accordingly, to the extent that references to these two sources of information are not deemed complete compliance, GenderNexus has a number of objections that prudence requires to be asserted.

With respect to the subpoena for documents, GenderNexus objects on the same grounds to several requests:

1. As noted, GenderNexus has a publicly viewable website and a publicly viewable Facebook page which contain information responsive to the subpoena. These sites contain information about GenderNexus and much of the information sought by the subpoena. GenderNexus objects to having to re-produce the materials available on its website and Facebook page, given this information is equally available to your office for printing or electronic copying and storage. This objection applies to requests 2, 3, 4, and 5.

2. GenderNexus also objects to the subpoena's failure to specify a reasonable and relevant time period for which documents are sought. This objection applies to requests 2, 3, 4, and 5. SB 480 was not introduced until the 2023 legislative session and was not signed into law until April 5, 2023, and was not to take effect until July 1, 2023. GenderNexus objects to responding or producing any documents pre-dating January 1, 2023, as not relevant to any party's claim or defense and/or proportional to the needs of the case, and thus beyond the scope of discovery permitted by Rule 26(b)(1).

3. GenderNexus objects to the subpoena to the extent that it seeks information that GenderNexus is obligated to keep confidential per the agreement of any group participants. This objection applies to requests 2, 3, 4, and 5. The health and safety of LGBTQ+ youth, their allies, and their parents are at substantial risk simply because these youth do not conform to certain groups' religious views, which the latter are unconstitutionally attempting to force on others through legislative, executive, and administrative government action. In addition to risks of physical harm (including mass shootings), these youth, allies, and parents are also at substantial risk of individual and

systemic bullying, being socially ostracized, online harassment, "doxing" and other adverse consequences not faced by families with children who conform to these groups' heteronormative expectations. Because of these concerns, privacy concerns, and sensitivity of their communications. GenderNexus maintains, in strict confidence, communications within any support group and the identities of the people (none of whom are minors) who participate in those groups. Accordingly, GenderNexus objects to these requests to the extent they encompass such documents.

Further, other third parties (GenderNexus clients and their families) have important interests at stake and a right to be heard before their identities or confidential communications are divulged. GenderNexus objects to disclosure of such third-party information unless they are first given notice and an opportunity to object and be heard by the court.

4. GenderNexus also objects to Requests 2, 3, 4 and 5 to the extent the subpoena encompasses the identities/identifying information for youth, parents or healthcare providers, HIPAA-protected information, or details regarding the fundamental rights of parents to raise children, of parents and youth to make decisions about their medical care, to express privately and without government intrusion or eavesdropping their philosophical and religious views on issues about their youth; to associate and assemble freely with others of their choosing who share common interests; to petition the government and otherwise exercise their rights under the Indiana and United States Constitutions. Specifically, GenderNexus objects that discovery of this information is prohibited by the Indiana Constitution, including without limitation Article 1, Sections 2, 3, 4, 9 and 31, and the First, Fifth, and Fourteenth Amendments to the United States Constitution.

5. While I trust this is not the case, I am obliged to raise this objection to preserve it in the event it is applicable. To the extent the subpoena seeks documents with identities of/identifying information for youth, allies, parents, or healthcare providers, GenderNexus objects to the subpoena as an abuse of process. On its face, it appears the subpoena may have been crafted specifically for the purpose of obtaining this information not because it is properly discoverable in this matter and needed for the purpose of preparing for trial, but for an entirely different purpose: to identify youth, allies, parents, and healthcare providers that can be targeted for political and/or other purposes, "outing" them in press releases/media interviews or "tweets"/social media posts, and to potentially initiate regulatory proceedings. This concern is enhanced by GenderNexus' understanding that the Attorney General appears to be seeking the same information through information demands served outside of this litigation in connection with an "investigation," in addition to other high-profile events or controversies involving the Office of the Attorney General to further a particular religious/political agenda. Accordingly, GenderNexus objects to producing any documents that identify specific parents/families of transgender and gender expansive children or the identity of any specific healthcare providers not publicly disclosed on its website.

3

**REQUEST NO. 1**: Any bylaws, charters, and/or articles of incorporation for GenderNexus.

**RESPONSE:** Subject to and without waiving its above objections, please see the produced documents.

**REQUEST NO. 2**: All forms or documents used by you to connect minors, their parent or guardians, or others to providers of gender transition procedures in Indiana.

**RESPONSE:** Subject to and without waiving its above objections, GenderNexus also objects to this request to the extent it seeks HIPAA-protected information, private communications among GenderNexus and others regarding personal opinions about various healthcare providers and whether they share philosophical, medical, religious, political, and/or other beliefs that make them an appropriate choice for medical care. The specific identities of those who seek information from GenderNexus (i.e., Hoosier youth who seek care and support without government interference and harassment) and the identity of the specific medical providers that are mentioned in these communications have no relevance to the issues in this action, nor do they appear to relate to any of the parties' claims or defenses in the underlying lawsuit as required by Rule 26(b)(1). As such, these requests also violate the Rule 45(d)(1) requirement to avoid imposing undue burden or expense on GenderNexus. GenderNexus further objects that to the extent this request seeks such information, its sole purpose is to cause GenderNexus annoyance, embarrassment, oppression, or undue burden or expense. GenderNexus further objects that seeking this information is an effort to retaliate against GenderNexus and participating families for the exercise of their Indiana and federal constitutional rights, including their rights of free expression, assembly, association, and exercise of their religion, and also constitutes an abuse of process.

Subject to and without waiving its above objections, please see information and materials posted on GenderNexus's public website and Facebook page which contain information that is responsive to this request and see the produced documents.

**REQUEST NO. 3**: All forms or documents used by you to educate minors, or their parents or guardians, about gender dysphoria or gender transition procedures, providers of gender transition procedures, and those procedures' availability in Indiana.

**RESPONSE:** Subject to and without waiving its above objections, GenderNexus also objects to this request to the extent it seeks HIPAA-protected information, private communications among GenderNexus and others regarding personal opinions about various healthcare providers and whether they share philosophical, medical, religious, political, and/or other beliefs that make them an appropriate choice for medical care. The specific identities of those who seek information from GenderNexus (i.e., gender-diverse people and their loved ones who are trying to live without government interference and harassment) and the identity of the specific medical providers that are mentioned in these communications have no relevance to the issues addressed in GenderNexus's Declaration, nor do they appear to relate to any of the parties' claims or defenses in the underlying lawsuit as required by Rule 26(b)(1). As such, these requests also violate the Rule 45(d)(1) requirement to avoid imposing undue burden or expense on GenderNexus. GenderNexus further objects that to the extent this request seeks such information, its sole purpose is to cause GenderNexus annoyance, embarrassment, oppression, or undue burden or expense.

GenderNexus further objects that seeking this information is an effort to retaliate against GenderNexus and participating persons for the exercise of their Indiana and federal constitutional rights, including their rights of free expression, assembly, association, and exercise of their religion, and also constitutes an abuse of process.

Subject to and without waiving its above objections, please see information and materials posted on GenderNexus's public website and Facebook page which contain information that is responsive to this request and see the produced documents.

**REQUEST NO. 4**:  Any documents used by you to provide counseling, care coordination, group meetings, parental support to minors, their parents, or others in Indiana.

**RESPONSE:**  Subject to and without waiving its above objections, GenderNexus states that it does not provide group meetings for minors. GenderNexus also objects to the request because the term "parental support to minors, their parents, or others in Indiana" is unintelligible in the context used. In an effort to meet what may be the intent of this language, GenderNexus states the materials posted on GenderNexus's public website and Facebook page and the resources they list may be referenced or contain information/resources shared during parent meetings. Please also see the produced documents.

**REQUEST NO. 5**:  Any documents showing which medical providers, if any, to whom you refer minors or their parents or guardians for purposes of diagnosing or treating gender dysphoria or for the purpose of obtaining gender transition procedures.

**RESPONSE:**  Subject to and without waiving its above objections, GenderNexus objects to this request to the extent it seeks HIPAA-protected information, private communications among and between GenderNexus and others regarding personal opinions about various healthcare providers and whether they share philosophical, medical, religious, political, and/or other beliefs that make them an appropriate choice for medical care. The specific identities of those who seek information from GenderNexus (i.e., gender families who are trying to raise their transgender and gender expansive children without government interference and harassment) and the identity of the specific medical providers that are mentioned in these communications have no relevance to the issues addressed in GenderNexus's Declaration, nor do they appear to relate to any of the parties' claims or defenses in the underlying lawsuit as required by Rule 26(b)(1). As such, these requests also violate the Rule 45(d)(1) requirement to avoid imposing undue burden or expense on GenderNexus. GenderNexus further objects that to the extent this request seeks such information, its sole purpose is to cause GenderNexus annoyance, embarrassment, oppression, or undue burden or expense.  GenderNexus further objects that seeking this information is an effort to retaliate against GenderNexus and participating families for the exercise of their Indiana and federal constitutional rights, including their rights of free expression, assembly, association, and exercise of their religion, and also constitutes an abuse of process.
Subject to and without waiving its above objections, please see information and materials posted on GenderNexus' public website and Facebook page which contain information that is responsive to this request and see the produced documents, which have already been provided in response to Request No. 2 above.

5

**REQUEST NO. 6**:  Any medical referral letters generated by you in the last two years on behalf of minors in Indiana seeking gender transition procedures.

**RESPONSE:**  GenderNexus provides bio-psycho-social assessment letters (commonly referred to as "Medical Referral Letters") to medical providers regarding people seeking gender transition procedures. Because these letters contain confidential, HIPAA-protected information, which would both identify the subjects of the letter and further disclose private, HIPAA-protected, medical and mental health information regarding those individuals, those letters are not produced.

Please let me know if you would like to discuss GenderNexus' objections or if you believe that referring you to GenderNexus' website and Facebook page is not a sufficient response. GenderNexus remains prepared to continue to work with you in good faith to provide the information to which you are legally entitled. At the same time, GenderNexus insists that its confidentiality interests and constitutional rights, and those of the families who participate in its meetings, be respected and protected.

**Deposition Subpoena**

GenderNexus also has objections to the "Subpoena to Testify at a Deposition in a Civil Action." Initially, GenderNexus objects that the subpoena fails to comply with Rule 45. Rule 45(b)(1) expressly requires fees for one day's attendance and mileage to accompany the subpoena. As you know, the only exception applies to the United States and its officers and agencies, but not to state officials like Attorney General Rokita. Accordingly, that subpoena is defective and invalid. Further, the subpoena fails to comply with Rule 45(a)(1)(A)(iii)'s requirement that a specific time and place be included and is thus defective and invalid for this omission.

While the subpoena is itself defective, in the spirit of good faith cooperation, if you determine you wish to attempt to take GenderNexus deposition, please contact me and we can discuss the topics and whether the organization is willing to appear voluntarily without the formality of requiring a proper subpoena.

To facilitate that discussion should it be needed, please allow me to inform you of GenderNexus's objections to the topics listed in the notice. Again, you will see that GenderNexus's primary concerns relate to the disclosure of HIPAA-protected information (including, but not limited to medical and mental health information regarding clients), as well as personal identifying information about members and about healthcare providers who are not listed on the GenderNexus website.

**Objection applicable to all topics:** Each of the topics identified in the subpoena could be construed to include HIPAA-protected information, as well as personal identifying information of GenderNexus youth or medical providers who are not listed on GenderNexus' website. To the extent a topic encompasses information about the identity of healthcare providers not on GenderNexus' website and discussed in confidence with GenderNexus, and/or the personal identifying information of GenderNexus families, GenderNexus incorporates by reference its document objections 3, 4 and 5, and its response to document Request No. 3. GenderNexus objects to providing this information with respect to all of the listed topics. The specific identities of those who seek information from GenderNexus (i.e., LGBTQ+ youth, allies, and parents) and the

identity of specific medical providers have no relevance to the issues addressed in GenderNexus' Declaration, nor do they appear to relate to any of the parties' claims or defenses in the underlying lawsuit as required by Rule 26(b)(1). As such, these requests also violate the Rule 45(d)(1) requirement to avoid imposing undue burden or expense on GenderNexus. GenderNexus further objects that to the extent this request seeks such information, its sole purpose is to cause GenderNexus annoyance, embarrassment, oppression, or undue burden or expense. GenderNexus further objects that seeking this information is an effort to retaliate against GenderNexus and participating families for the exercise of their Indiana and federal constitutional rights, including their rights of free expression, assembly, association, and exercise of their religion, and also constitutes an abuse of process for the reasons stated above in GenderNexus' objections to the document subpoena.

**Topic 1**: History of GenderNexus, including information concerning its mission, membership, values, and development in Indiana since creation in 2014.

**Response:** GenderNexus has no objection to testifying about the history of the GenderNexus, including information concerning its mission, a generic description of its membership, its values, and its development in Indiana since its creation.

GenderNexus incorporates by reference its "Objection applicable to all topics."

**Topic 2:** Any content related to gender dysphoria and gender transition procedures for minors that is discussed by licensed social workers during your short term counseling sessions with minors and their parents or guardians.

**Response:** GenderNexus objects to this topic to the extent that it encompasses HIPAA-protected information, including but not limited to personal identifying information, for persons who are affiliated with GenderNexus. GenderNexus objects to providing this information for the reasons stated in its "Objection applicable to all topics." Further, this topic seeks information that is neither relevant to nor discoverable in this action.

**Topic 3:** Any content related to gender dysphoria and gender transition procedures for minors that is discussed during your trainings for schools, businesses, counselors, business groups, or government agencies.

**Response:** GenderNexus objects to this topic to the extent that it encompasses HIPAA-protected information, including but not limited to personal identifying information, for persons who are affiliated with GenderNexus. GenderNexus objects to providing this information for the reasons stated in its "Objection applicable to all topics." Subject to and without waiving any objections, GenderNexus has no objection to testifying generically about typical topics that arise during counseling.

**Topic 4:** GenderNexus objects to this topic to the extent that it encompasses HIPAA-protected information, including but not limited to personal identifying information, for persons who are affiliated with GenderNexus.

**Response:** GenderNexus objects to this topic to the extent that it encompasses personal identifying information for persons who are affiliated with GenderNexus. GenderNexus objects to providing this information for the reasons stated in its "Objection applicable to all topics." Subject to and without waiving any objections, GenderNexus has no objection to testifying generically about the nature of its work.

**Topic 5:** Background and qualifications of any persons affiliated with you who issue medical referral letters for, or otherwise coordinate, gender transition procedures to minors in Indiana.

**Response:** GenderNexus objects to this topic to the extent that it encompasses HIPAA-protected information, including but not limited to personal identifying information, for persons who are affiliated with GenderNexus. GenderNexus objects to providing this information for the reasons stated in its "Objection applicable to all topics." Subject to and without waiving any objections, GenderNexus has no objection to generally testifying about information available on its website. GenderNexus also objects to this request to the extent it seeks private communications between GenderNexus and others regarding personal opinions, experiences, or beliefs on these topics that specific persons have shared at GenderNexus meetings, or to obtain personal identifying information about GenderNexus persons or healthcare providers not listed on GenderNexus's website.

GenderNexus incorporates by reference its "Objection applicable to all topics" to the extent that this topic encompasses personal identifying information for youth, parents, or guardians who attend GenderNexus meetings or seek information from GenderNexus. Accordingly, as phrased, this topic could be construed to encompass personal identifying information regarding GenderNexus families.

**Topic 6:** Any medical providers that provide gender transition procedures that you recommend to minors or their parents or guardians.

**Response:** GenderNexus has no objection to testifying about information regarding medical providers that is contained on its website. GenderNexus objects to this request to the extent it seeks private communications between GenderNexus and others regarding personal opinions, experiences, or beliefs on these topics that specific persons have shared at GenderNexus meetings, and insofar as it seeks to obtain personal identifying information about persons affiliated with GenderNexus or healthcare providers not listed on GenderNexus's website.

To the extent this topic relates to information not listed on GenderNexus's website, GenderNexus incorporates by reference its "Objection applicable to all topics." GenderNexus also objects to this topic to the extent that it encompasses personal identifying information for persons who are affiliated with GenderNexus.

**Topic 7:** Any information provided by you to minors, or their parents or guardians, about gender dysphoria or the availability of hormone therapy, puberty blockers, or any other gender transition procedure to minors in Indiana.

8

**Response:** To the extent this topic encompasses personal identifying information about healthcare providers not listed on GenderNexus's website and that have been discussed in confidence with GenderNexus, and/or the personal identifying information of GenderNexus persons or clients, GenderNexus incorporates by reference its "Objection applicable to all topics."

**Topic 8:** Information you provide to minor patients, or to their parents or guardians, concerning treatments for gender dysphoria or a related condition, other than the administration of puberty blockers, cross-sex hormones, or surgery.

**Response:** To the extent this topic relates to information not listed on GenderNexus's website, GenderNexus incorporates by reference its "Objection applicable to all topics." GenderNexus also objects to this topic to the extent that it encompasses personal identifying information for persons who are affiliated with GenderNexus.

\* \* \* \* \*

Thank you for your patience in reviewing our objections. As noted at the outset, I believe you should find the information on the GenderNexus websites and the produced documents to be what I understand the subpoena seeks. Further, it is where GenderNexus specifically collects resources (including information about health care providers) to make them available to families. Given the type of organization GenderNexus is and given Rule 45(d)(1)'s requirement to take reasonable steps to avoid imposing undue burden or expense, it would seem this is a reasonable and complete response to the subpoena. I am happy to discuss any additional questions you have about GenderNexus or its above responses to your subpoenas.

Sincerely,

*s/ Mark W. Sniderman*
Mark W. Sniderman

MWS/
Enc.
cc: Emma Vosicky