UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| K.C., *et al.*, | ) | |
| | ) | |
|   Plaintiffs, | ) | |
| | ) | |
|     v. | ) | No. 1:23-cv-00595-JPH-KMB |
| | ) | |
| THE INDIVIDUAL MEMBERS OF THE | ) | |
| MEDICAL LICENSING BOARD, *et al.*, | ) | |
| | ) | |
|   Defendants. | ) | |

**Joint Motion to Continue Trial and to Stay All Proceedings Pending Supreme Court Determination in *United States v. Skrmetti***

The parties, by counsel, state that:

1. This case is set for trial on April 28, 2025, with a final-pretrial conference set for April 15, 2025. (Dkt. 118).

2. On February 16, 2024, the United States Court of Appeals for the Seventh Circuit heard oral argument on defendants' appeal of this Court's preliminary injunction order. (Dkt. 67, 68).

3. In the preliminary injunction, this Court found, *inter alia*, that plaintiffs were likely to succeed on their claim that the challenged portions of S.E.A. 480 that prohibit gender-affirming medical care violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

4. Although the Court of Appeals has not yet issued an opinion in this case, the Court of Appeals, on February 27, 2024, sua sponte issued a stay of the preliminary injunction. The Court of Appeals declined to grant rehearing en banc on the stay determination.

5. On June 24, 2024, the U.S. Supreme Court granted *certiorari* in the case of *United States v. Skrmetti* (No. 23-5600), a case arising from the Sixth Circuit that presents the question of whether a Tennessee statute erecting a ban on gender-affirming medical care for transgender youth violates the Equal Protection Clause of the Fourteenth Amendment.

6. The Tennessee statute is therefore similar to the statute at issue in this case and the Supreme Court decision will therefore possibly resolve the question of whether statutes that prohibit gender-affirming medical care for youth under the age of 18 violate equal protection.

7. Given that the Supreme Court will potentially decide the issue that is at the core of this action, the parties agree that it would not be a good use of resources to proceed with this action, but that the trial setting should be vacated, and this action should be stayed pending a decision in the Supreme Court.

8. The parties agree to file a status report with the Court no later than thirty days following the Supreme Court's decision in *Skrmetti*, and the parties reserve the ability to seek to vacate the stay prior to that time if there is good cause to do so.

9. Defendants have served certain third-party subpoenas, and the parties agree that any stay will not affect these subpoenas and any duties on the parties served to respond, subject to any objections, as required by Fed.R.Civ.P. 45, and that defendants may seek judicial remedies concerning the subpoenas if warranted without seeking to lift the stay.

WHEREFORE, the parties request that this Court:

1. vacate the trial setting in this case, and stay all proceedings pending the Supreme Court's decision in *United States v. Skrmetti* (No. 23-5600);

2. provide that the stay may be vacated upon a showing of good cause by either party;

3. provide that the stay does not affect the pending third-party subpoenas already served by the defendants, which are to be responded to, subject to any objections, as required by Fed.R.Civ.P. 45, and that defendants may seek judicial remedies concerning the subpoenas if warranted without seeking to lift the stay;

4. order that the parties to file a status report no later than thirty days following the Supreme Court's decision in *Skrmetti*;

5. provide all other proper relief.

Kenneth J. Falk
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org

Attorney for Plaintiffs

/s/ James A Barta
(with permission)
James A. Barta
Solicitor General
Office of the Attorney General
IGCS-5th Floor
302 W. Washington St.
Indianapolis, IN 46204
317/232-0709
fax: 317/232-7979

[3]

James.barta@atg.in.gov

Attorney for Defendants