UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| K.C., *et al.*, | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 1:23-cv-00595-JPH-KMB |
| THE INDIVIDUAL MEMBERS OF THE MEDICAL LICENSING BOARD, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**Notice to the Court by Class Counsel Concerning Class Representative Mosaic Health and Healing Arts, Inc., and Dr. Catherine Bast**

Plaintiffs' counsel, as legal representatives of both the named plaintiffs in this case and the classes and subclasses certified by this Court, say that:

1.  On January 23, 2024, this Court entered its Order Granting Motion for Class Certification. (Dkt. 116).

2.  Among other things it certified Class 3, the Provider Class, with Dr. Catherine Bast and Mosaic Health and Healing Arts, Inc. ("Mosaic"), as the sole representatives of the class. (*Id.* at 16). The class is defined as:

    > all current physicians and practitioners in Indiana, as those terms are defined in Senate Enrolled Act 480, who are providing care that falls within the statute's definition of "gender transition procedures" or who, but for that act, would provide that care.

(*Id.* at 5).

[1]

3. It also certified Subclass 3-A, the Medicaid Provider Subclass, with Dr. Bast and Mosaic as the sole subclass representatives. The subclass is defined as:

> all members of Class 3 who are Medicaid providers and who are currently providing care, reimbursed by Medicaid, which falls within the definition in Senate Enrolled Act 480 of "gender transition procedures" and those providers in the future who would provide such care but for Senate Enrolled Act 480.

(*Id.*).

4. Mosaic ceased operations on November 1, 2024, and Dr. Bast has relocated outside the State of Indiana. Counsel for the defendants was notified of these facts shortly before November 1st.

5. Therefore, neither Mosaic nor Dr. Bast is currently a member of the class or subclass that they represent.

6. The fact that Mosaic has ceased operations and that Dr. Bast is no longer practicing medicine in Indiana does not render the claims they have raised on their own behalf and on behalf of Class 3 and Subclass 3-A non-justiciable as "[a] properly certified class action survives the mootness of the original representative's claims." *Culver v. City of Milwaukee*, 277 F.3d 908, 910 (7th Cir. 2002).

7. Therefore, a representative of a certified class whose claims become moot on appeal can continue to represent the class on appeal, provided the issue remains live between the defendant and the class. *See, e.g., Sosna v. Iowa*, 419 U.S. 393, 403 (1975); 1 *Newberg and Rubenstein on Class Actions* § 2:10 (6th ed.).

8. Although the mooting of the claims of named plaintiffs does not render the claims of the class moot if there remains a case or controversy with regard to the unnamed class members, it can call into question whether the named plaintiffs are able to fairly and adequately represent the class's interests pursuant to Federal Rule of Civil Procedure 23(a). *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 405-407 (1980); *Sosna*, 419 U.S. at 403.

9. This case has been stayed pending the decision of the United States Supreme Court in *United States v. Skrmetti*, No. 23-477, which is set to be argued before the Court on December 4, 2024.

10. Given that this matter is stayed, undersigned counsel as counsel for named plaintiffs and the certified classes, including Class 3 and Subclass 3-A, do not intend to do anything further until such time as the stay is lifted after a decision in *Skrmetti* unless the Court wished to address class issues at this point. Kenneth Falk has shared this Notice with James Barta has indicated that defendants do not object to waiting to address any class issues until after a decision in *Skrmetti* and after the stay is lifted.

11. However, undersigned counsel believes it is appropriate to inform the Court of this development and will also note this in their to-be-filed request that the Seventh Circuit rehear the appeal of this case en banc.

WHEREFORE, plaintiffs file this Notice.

Kenneth J. Falk
Gavin M. Rose
Stevie J. Pactor
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org
grose@aclu-in.org
spactor@aclu-in.org

Chase Strangio
Harper Seldin
American Civil Liberties Union
125 Broad Street
New York, NY 10004
212/549-2500
cstrangio@aclu.org
hseldin@aclu.org

Attorneys for Appellees