UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| K.C., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-595-JPH-KMB |
| | ) | |
| THE INDIVIDUAL MEMBERS OF THE MEDICAL LICENSING BOARD OF INDIANA, in their individual capacities, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**Report of Class Counsel Following Notice to the Class**

Plaintiffs, by counsel, say that:

1. On June 16, 2026, Plaintiffs filed their Stipulation to Dismiss Claims Raised by Class 1 and 2 Following Notice to the Class and Approval Pursuant to Fed. R. Civ. P. 23(e). (Dkt. 150).

2. Plaintiffs filed their Motion for Court to Approve Manner and Form of Class Notice and to Schedule Fairness Hearing on the same date. (Dkt. 151).

3. On June 24, 2026, this Court approved the class notice and scheduled a fairness hearing for September 10, 2026. (Dkt. 153). The Court also ordered that Plaintiffs' counsel file their report by August 25, 2026, "informing the Court of the comments received in response to the notice and informing the Court whether counsel continue to believe that the proposed settlement is fair, reasonable, and adequate." (*Id.* at 2).

4. Class 1 included a subclass, Class 1-A, entitled the "Medicaid Patient Subclass." This subclass was decertified and the individual named plaintiff's claims that formed the basis of the subclass were dismissed on July 30, 2026. (Dkt. 158).

5. Class counsel now files this report concerning the notice to Class 1 and Class 2 and their opinion as to whether the proposed dismissal as settlement of this matter remains fair, reasonable, and adequate.

6. On June 24, 2026, a copy of the class notice approved by the Court was placed on the "News and Commentary" portion of the ACLU of Indiana's website, where it still remains, under the heading of "Class Action Notice Regarding Indiana's Ban on Gender-Affirming Hormone Care for Minors." https://www.aclu-in.org/news/ (last visited Aug. 20, 2026). The notice was also placed on June 24, 2026 on social media platforms maintained by the ACLU of Indiana—Facebook, Instagram, Threads, and Bluesky.

7. Also on June 24, 2026, a copy of the class notice was sent by electronic mail to the following organizations that work with and advocate for LGBTQ+ persons: Indiana Youth Group, Gender Nexus, the Damien Center, the Pride Center of Terre Haute, Indy Pride, Spencer Pride, the Community Resource and Research Center, Indiana Pride of Color, staff at Indiana Legal Services who had worked in the organization's now dissolved LGBTQ+ project, and the HIV Modernization Movement-Indiana. A link to the class notice was also placed on the national ACLU's case page regarding this matter.

https://www.aclu-in.org/news/class-action-notice-regarding-indianas-ban-on-gender-affirming-hormone-care-for-minors/ (last visited Aug. 20, 2026).

8. Counsel is aware that the proposed dismissal was also the subject of at least one media report. *See* WFYI.org, *ALCU will drop class action suit against Indiana's gender affirming care ban*, June 26, 2026, https://www.wfyi.org/statewide/2026-06-26/aclu-will-drop-class-action-suit-against-indianas-gender-affirming-care-ban (last visited Aug. 20, 2026).

9. Counsel has provided notice as ordered by the Court. (Dkt. 151 at 2, Dkt. 153).

10. Counsel received only one comment that was directed specifically towards the proposed settlement. It is attached with the permission of the person commenting although counsel has removed their email address to protect their privacy. The person providing the comment is not a current member of either class; however, it is being submitted out of an abundance of caution as it specifically refers to the settlement. As only one brief comment has been made, it has not been summarized.

11. The only ACLU of Indiana social media platform that received comments following the class notice was the ACLU of Indiana's Facebook page and none of the comments mentioned or specifically addressed the proposed settlement. A number were generally supportive of gender affirming medical care for transgender youth, some were opposed to such care, and some comments had nothing to do with the issues in this

litigation. However, as none mention the proposed dismissal of this case, they are not summarized.

12. Counsel continue to believe that the settlement, providing for dismissal with prejudice of the claims raised by Class 1 (equal protection) and Class 2 (due process), remains fair, reasonable, and adequate given the current state of the law and Defendants' insistence as a condition of resolving this matter that the claims be dismissed with prejudice. Given those factors, Plaintiffs' counsel believes dismissal is appropriate rather than continuing with the case.

13. The June 16, 2026 Stipulation recognizes that if relevant law changes after dismissal of the classes' claims with prejudice, future class members will have the right to seek to intervene in the case and file a motion under Federal Rule of Civil Procedure 60(b) to vacate the dismissal of this case.

14. Given that a future change in the law can lead to vacating any final judgment entered as a consequence of the dismissal with prejudice of the claims raised by Class 1 and Class 2, and given that counsel do not have adequate grounds to move the case forward at this time, class counsel continue to seek dismissal of the claims raised in this action by Class 1 and 2 and continue to believe that such dismissal is fair, reasonable, and adequate.

WHEREFORE, class counsel file their report in this case.

Kenneth J. Falk
Gavin M. Rose
Stevie J. Pactor
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org
grose@aclu-in.org
spactor@aclu-in.org

Chase Strangio
Harper Seldin
American Civil Liberties Union
125 Broad St.
New York, NY 10004
cstrangio@aclu.org
hseldin@aclu.org

Counsel for Plaintiffs and the Certified Classes