UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| K.C., *et al.* Plaintiffs, v. THE INDIVIDUAL MEMBERS OF THE MEDICAL LICENSING BOARD OF INDIANA in their official capacities, *et al.* Defendants. | ) | No. 1:23-cv-00595-JPH-KMB |

**ORDER APPROVING VOLUNTARY DISMISSAL**

The parties have filed a joint stipulation to dismiss the remaining class claims in this case with prejudice "following notice to the class and a fairness hearing." Dkt. 150. For the reasons below, the voluntary dismissal of the remaining class claims is **APPROVED**.

**I.**
**Background**

In January 2024, the Court certified this case as a class action with three classes and two subclasses of minor patients, parents, and medical providers:

1) Class 1 ("the Minor Patient Class");
   a) Subclass 1-A ("the Medicaid Patient Subclass");
2) Class 2 ("the Parent Class");
3) Class 3 ("the Provider Class");
   a) Subclass 3-A ("the Medicaid Provider Subclass").

Dkt. 116.

In July 2026, the Court grant Plaintiffs' unopposed motion to decertify Subclass 1-A, the Medicaid Patient Subclass, and dismissed the named plaintiff's Medicaid Act and Affordable Care Act claims without prejudice. Dkt. 158. The Court granted Plaintiffs' unopposed motion to decertify Class 3, the Provider Class, and Subclass 3-A, the Medicaid Provider Subclass, in May 2026. Dkt. 149. Plaintiffs Dr. Catherine Bast and Mosaic Health and Healing Arts then voluntarily dismissed their claims. Dkt. 156; dkt. 157.

The parties have filed a joint stipulation to dismiss the remaining class claims—for Class 1 and Class 2—with prejudice "following notice to the class and a fairness hearing." Dkt. 150. The Court approved the proposed notice in June 2026, dkt. 153, and held a fairness hearing on September 10, 2026.

The parties confirmed at the fairness hearing that no individuals opted out of the class and there are no objectors to the voluntary dismissal.

## II.
## Applicable Law

Class actions were designed as "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Gen. Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147, 155 (1982). "Federal Rule of Civil Procedure 23 governs class actions." *Santiago v. City of Chicago*, 19 F.4th 1010, 1016 (7th Cir. 2021). Rule 23(e) requires the Court's approval before the claims of a certified class may be voluntarily dismissed. Fed. R. Civ. P. 23(e). Rule 23(e)(2) requires that a Court determine that the dismissal is "fair, reasonable, and adequate." *Id.*

## III.
## Analysis

For the reasons in the Court's approval of notice to the classes, dkt. 153, and as discussed on the record at the fairness hearing, the classes have received reasonable and sufficient notice under Federal Rule of Civil Procedure 23(e)(1)(B).

The Court may approve voluntarily dismissal only after finding that it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). As discussed at the fairness hearing, class counsel have reasoanbly concluded that the remaining class claims cannot be maintained at this time under recent Supreme Court and Seventh Circuit precedent. *See* dkt. 150; *cf. Synfuel Tech. Inc. v. DHL Express*, 463 F.3d 646, 653 (7th Cir. 2006). Furthermore, class counsel are exceptionally experienced and qualified, including in the areas of civil rights litigation, constitutional litigation, and class actions, and they have adequately represented the class throughout all stages of litigation under Federal Rule of Civil Procedure 23(e)(2). As class counsel also indicate, if a class member later believes that a further challenge would be appropriate based on a future change in the law, that person could seek to set aside the dismissal in order to raise such a challenge. Dkt. 150 at 4.

Finally, there are no objectors to the voluntary dismissal. *See* dkt. 160. The Court therefore finds that the voluntary dismissal is fair, reasonable, and adequate, and approves it.

## IV.
## Conclusion

After holding a hearing, the Court **APPROVES** voluntary dismissal of the remaining class claims as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2). Final judgment will issue by separate entry.

**SO ORDERED.**

Date: 9/11/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel